**Sam SELMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–81–0023–CR.**

Court of Appeals of Texas, Amarillo.

Jan. 29, 1982.

Discretionary Review Granted April 28, 1982.

Thompson & Thomas, George L. Thompson, III, Lubbock, for appellant.

John T. Montford, Crim. Dist. Atty., Travis S. Ware, Asst. Crim. Dist. Atty., Lubbock, for appellee.

Before REYNOLDS, C. J., and COUNTISS and BOYD, JJ.

REYNOLDS, Chief Justice.

Charged by indictment with murder, appellant Sam Selman was convicted by a jury of voluntary manslaughter, a lesser included offense. His punishment was assessed by the court at confinement for eight years.

■ Appellant contends, and we agree, that the court's charge erroneously authorized the jury to convict him for voluntary manslaughter on a theory not alleged in the indictment. The error in the court's charge is fundamental and mandates the reversal of appellant's conviction.

■ Under Section 19.02 of the Texas Penal Code,*

(a) A person commits [murder] if he:

(1) intentionally or knowingly causes the death of an individual;

(2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual; or

\* \* \* \* \* \*

Another section of the Code, Section 19.04, has a provision further providing that

(a) A person commits [voluntary manslaughter] if he causes the death of an individual under circumstances that would constitute murder under Section 19.02 of this code, except that he caused

the death under the immediate influence of sudden passion arising from adequate cause.

The element of "under the immediate influence of sudden passion arising from adequate cause" is defensive in nature in that its existence serves to reduce murder to voluntary manslaughter, *Braudrick v. State*, 572 S.W.2d 709, 710–11 (Tex.Cr.App. 1978), *cert. denied* 440 U.S. 923, 99 S.Ct. 1252, 59 L.Ed.2d 477 (1979). Hence, voluntary manslaughter is a lesser included offense of the greater offense of murder. *Id.; Paige v. State*, 573 S.W.2d 16, 18 (Tex. Cr.App.1978). So if, under an indictment for murder, there is evidence that the accused acted under the immediate influence of sudden passion arising from an adequate cause, a charge on voluntary manslaughter is mandatory. *Cerda v. State*, 557 S.W.2d 954, 958 (Tex.Cr.App.1977).

■ In this cause, the indictment, tracking the language of Section 19.02(a)(2), charged that appellant did,

intending to cause serious bodily injury to an individual, Jeral Ray Kirkland, commit an act clearly dangerous to human life, to-wit: did then and there intentionally and knowingly strike and beat the said Jeral Ray Kirkland, with his hand and his fist, about the said Jeral Ray Kirkland's head and body, thereby causing the death of the said Jeral Ray Kirkland.

Consistent therewith, the court instructed the jury on the law of murder and its application to the evidence in the cause. Then, the court instructed the jury that if they failed to find appellant guilty of murder, or if they had a reasonable doubt thereof, they will acquit him of murder and next consider whether he is guilty of voluntary manslaughter.

After defining the law of voluntary manslaughter in the abstract, the court erroneously applied the law to the evidence in the cause in these words:

---

\* All references to sections are to the sections of the Texas Penal Code Annotated (Vernon 1974).

If you find and believe from the evidence beyond a reasonable doubt that on the occasion in question the defendant, SAM SELMAN, did *cause the death of Jeral Ray Kirkland by striking and beating the said Jeral Ray Kirkland with his hand and fist*, but you further find and believe from all the facts and circumstances in the case that the defendant, SAM SELMAN, in killing Jeral Ray Kirkland, if he did, acted under the immediate influence of sudden passion arising from an adequate cause, or if you have a reasonable doubt thereof, then you will find the defendant guilty of voluntary manslaughter (emphasis supplied).

The vice in the charge is that it authorized the jury to convict appellant for voluntary manslaughter on the theory of death caused under the condemnation of Section 19.-02(a)(1), a theory not alleged in the indictment and one entirely different from the theory of death alleged in the indictment to have been caused under the circumstances embraced by Section 19.02(a)(2).

Because the court's charge substituted a theory of the offense completely different from the theory alleged in the indictment, the charge is fundamentally defective. *Cumbie v. State,* 578 S.W.2d 732, 733–34 (Tex.Cr.App.1979). A fundamentally defective charge, as is the one here which authorizes a conviction for the lesser included offense of voluntary manslaughter on a theory of murder not alleged in the indictment, constitutes error that mandates a reversal of the conviction. *Deitch v. State,* 617 S.W.2d 695, 696 (Tex.Cr.App.1981). Indeed, it has been written that such fundamental error in the court's charge requires automatic reversal. W. Odom and R. Valdez, *A Review of Fundamental Error in Jury Charges in Texas Criminal Cases,* 33 Baylor L.Rev. 749 (1981).

■ The reversal because of the fundamentally defective charge dictates a remand of the cause. *Deitch v. State, supra,* at 696. However, appellant also challenges the sufficiency of the evidence to support his conviction for voluntary manslaughter. Unlike the contention of a fundamentally defective charge which we have sustained, this challenge, if upheld, would bar a retrial. *Burks v. United States,* 437 U.S. 1, 18, 98 S.Ct. 2141, 2150, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 24–25, 98 S.Ct. 2151, 2154–55, 57 L.Ed.2d 15 (1978).

We acknowledge that in the usual case of a conviction, it is incumbent on this Court to decide a challenge to the sufficiency of the evidence even though reversal is mandated on another ground. *Hooker v. State,* 621 S.W.2d 597, 598–99 (Tex.Cr.App.1980); *Watson v. State,* 605 S.W.2d 877, 880–81 (Tex.Cr.App.1979). However, the rule of review presupposes the absence of fundamental trial error, for it is pointed out in *Burks v. United States, supra,* that reversal on grounds of insufficient evidence will be confined to cases where it is clear the prosecution has failed. *Ex parte Duran,* 581 S.W.2d 683, 685 (Tex.Cr.App.1979).

■ In this cause, it is not clear that the prosecution has failed for insufficient evidence, particularly since the evidence raised, and the court charged on, other lesser included offenses. Thus, to address the sufficiency of the evidence for an offense before the jury has had the opportunity to evaluate the evidence under correct instructions would amount to no more than an academic exercise in speculation on the prerogatives reserved initially to the jury. This we decline to do.

■ Appellant presents two other grounds of error by which he contends the court's charge is fundamentally defective for failing to require the jury to find, for a conviction of voluntary manslaughter, the requisite culpable mental state constituting the offense. We agree that the court's charge on the application of the law of voluntary manslaughter to the evidence, as quoted earlier, is devoid of any reference to the culpable mental state statutorily required for the interaction of Sections 19.02 and 19.04. Yet, it is unnecessary to address that contention or the question whether, as the State argues, a consideration of the charge as a whole reveals an adequately correct charge, for a resolution would not

alter the disposition which must be made of the appeal. Still, we note that the better and accepted practice is that all of the essential elements of the offense should be contained in that portion of the court's charge which applies the law to the evidence. *See, e.g., Bradley v. State*, 560 S.W.2d 650 (Tex.Cr.App.1978).

Accordingly, the judgment is reversed and the cause is remanded.