**Sam SELMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 161–82.

Court of Criminal Appeals of Texas,
En Banc.

Feb. 8, 1984.

George L. Thompson, III, Lubbock, for appellant.

John T. Montford, Dist. Atty., Jim B. Darnell and Travis S. Ware, Asst. Dist. Attys., Lubbock, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

Appellant was indicted for murder under V.T.C.A., Penal Code, § 19.02(2). The jury convicted him of voluntary manslaughter, and the court assessed his punishment at eight years' imprisonment.

On direct appeal his conviction was reversed because the Amarillo Court of Appeals found the jury charge on voluntary manslaughter authorized conviction on a theory not charged in the indictment. *Selman v. State,* 627 S.W.2d 543 (Tex.App.1982 —Amarillo). We granted the State's Petition for Discretionary Review to determine the correctness of the holding.

V.T.C.A., Penal Code, § 19.02 (Murder), provides in part:

"(a) A person commits an offense if he:

"(1) intentionally or knowingly causes the death of an individual;

"(2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual; or ...."

The one-count murder indictment against appellant alleged, in pertinent part, that he:

"... did then and there, intending to cause serious bodily injury to an individual, Jeral Ray Kirkland, commit an act clearly dangerous to human life, to-wit: did then and there intentionally and knowingly strike and beat the said Jeral Ray Kirkland, with his hand and his fist, about the said Jeral Ray Kirkland's head and body, thereby causing the death of the said Jeral Ray Kirkland."

It is clear that appellant was charged under the mode or theory of § 19.02(a)(2).

Under its charge the court, consistent with the indictment, instructed the jury on

the law of murder under § 19.02(a)(2), and after applying the law to the facts, added:

"Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt as to whether defendant is guilty of murder, then you will acquit him of murder and next consider whether he is guilty of voluntary manslaughter." [1]

In that part of the charge applying the law to the facts concerning voluntary manslaughter, the jury was instructed:

"5.

"If you find and believe from the evidence beyond a reasonable doubt that on the occasion in question the defendant, SAM SELMAN, did cause the death of Jeral Ray Kirkland by striking and beating the said Jeral Ray Kirkland with his hand and fist, but you further find and believe from all the facts and circumstances in the case that the defendant, SAM SELMAN, in killing Jeral Ray Kirkland, if he did, acted under the immediate influence of sudden passion arising from an adequate cause, or if you have a reasonable doubt thereof, then you will find the defendant guilty of voluntary manslaughter."

After quoting the above portion of the charge, the Court of Appeals wrote:

"The vice in the charge is that it authorized the jury to convict appellant for voluntary manslaughter on the theory of death caused under the condemnation of Section 19.02(a)(1), a theory that alleged in the indictment and one entirely different from the theory of death alleged in the indictment to have been caused under the circumstances embraced by Section 19.02(a)(2)."

Relying upon *Cumbie v. State,* 578 S.W.2d 732, 733–34 (Tex.Cr.App.1979), and *Deitch v. State,* 617 S.W.2d 695, 696 (Tex. Cr.App.1981), the Court of Appeals reversed because of the fundamental defect in the charge.

In his petition for discretionary review the State's Prosecuting Attorney argues that the charge is not fundamentally defec-

tive for the reason given by the Court of Appeals. He observes that if the charge is defective it is because it did not include, in its application of the law to the facts, all the elements of voluntary manslaughter as included within § 19.02(a)(2). He acknowledges that the charge, to which there was no objection, omitted the phrases "did then and there intending to cause serious bodily injury" and "commit an act clearly dangerous to human life." The argument is advanced that the court properly charged on murder under § 19.02(a)(2) consistent with the indictment, and that while the questioned portion of the charge relating to voluntary manslaughter omitted certain phrases, it was not inconsistent with the theory under § 19.02(a)(2), and when other parts of the charge not mentioned in the Court of Appeals' opinion are considered, and the charge is read as a whole, there is no fundamental error.

The State's Prosecuting Attorney calls our attention to that part of the charge which followed the questioned portion:

"7.

"You are further instructed that before a person can be guilty of murder or voluntary manslaughter under the indictment, he must have acted intentionally or knowingly in causing the death of the deceased. *He must have intentionally or knowingly caused the death, or he must have intended to cause serious bodily injury and have committed an act clearly dangerous to human life that caused the death of deceased.* Unless defendant so acted intentionally or knowingly to cause death or with intent to cause serious bodily injury to deceased, he cannot be convicted of murder or voluntary manslaughter.

"Therefore, if you find from the evidence beyond a reasonable doubt that the defendant, SAM SELMAN, caused the death of Jeral Ray Kirkland by striking and beating the said Jeral Ray Kirkland with his hand and fist, but you further find from the evidence or you have a

---

1. See V.T.C.A., Penal Code, § 19.04 (Voluntary   manslaughter).

reasonable doubt thereof, that the defendant neither intentionally or knowingly caused the death of Jeral Ray Kirkland nor intended to cause Jeral Ray Kirkland serious bodily injury, then you will acquit the defendant of murder and voluntary manslaughter and consider whether he is guilty of aggravated assault." (Emphasis supplied.)

We also observe that preceding the questioned portion of the charge the court instructed the jury:

"4.

"Our law further provides that *a person commits the offense of voluntary manslaughter if he intentionally or knowingly causes the death of another person or if he intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of another person,* except that in either event he causes the death under the influence of sudden passion arising from an adequate cause ...." (Emphasis supplied.)

It is obvious that in abstractly instructing the jury on the law in paragraphs 4 and 7 the court included voluntary manslaughter [V.T.C.A., Penal Code, § 19.04] coupled with both theories under § 19.02(a)(1) and § 19.02(a)(2). If paragraphs 4, 5 and 7 are read together and the charge as a whole as the State urges should be done, it is clear that the court authorized a conviction for voluntary manslaughter on the theory charged in the indictment [§ 19.02(a)(2)], but also authorized a conviction on a theory not alleged in the indictment [§ 19.02(a)(1)] just as the Court of Appeals concluded. See and cf. *Jefcoat v. State,* 644 S.W.2d 719 (Tex.Cr.App.1982). See also *Young v. State,* 605 S.W.2d 550 (Tex.Cr.App.1979); *Colbert v. State,* 615 S.W.2d 754 (Tex.Cr. App.1981).

■ If we look at paragraph 5 alone, applying the law to the facts, it is clear that such charge would authorize conviction on less than all the necessary elements of the offense [§ 19.04 coupled with § 19.-02(a)(2)]. The failure to include an essential element of the offense in the charge applying the law to the facts is fundamental error. *Cumbie v. State,* supra; *West v. State,* 567 S.W.2d 515 (Tex.Cr.App.1978); *Messenger v. State,* 638 S.W.2d 883 (Tex.Cr. App.1982). This is what appellant contended on appeal in two grounds of error. He is correct.

■ We conclude the Court of Appeals reached the right result. It declined, however, to review the sufficiency of the evidence to sustain the conviction which was challenged by the appellant. This was inappropriate. It now appears clear that in view of *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), a challenge to the sufficiency of the evidence should be considered before disposing of a case even though reversal may be based on another ground. *Hooker v. State,* 621 S.W.2d 597 (Tex.Cr. App.1980) (opinion on rehearing), and cases there cited. See also and cf. *Foster v. State,* 635 S.W.2d 710 (Tex.Cr.App.1982).

The action of the Court of Appeals is affirmed. However, the cause is remanded to such court for consideration of the sufficiency of the evidence.