Larry CHAVIS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. A14–90–352–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 14, 1991.

Judy P. Mingledorff, Houston, for appellant.

Mary Lou Keel, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Charged with aggravated sexual assault under TEX. PENAL CODE ANN. § 22.021 (Vernon Supp.1987), appellant was convicted by a jury of the offense of sexual assault under TEX. PENAL CODE ANN. § 22.011 (Vernon Supp.1987). Punishment was assessed at twenty years confinement in the Texas Department of Corrections and a fine of $10,000. In two points of error, appellant asserts that (1) sexual assault is not a lesser included offense of aggravated sexual assault and (2) the trial court's charge to the jury was fundamentally defective in that it did not include an essential element of the offense of sexual assault. We affirm.

Upon returning home from work on November 1, 1989, complainant was approached by appellant who demanded that complainant leave with him. When complainant refused, appellant tore off her jacket and shirt and shoved her into his waiting car. When complainant tried to push the car's gear shift back into park, appellant struck complainant on the head and face and threatened her with a gun. Appellant eventually drove to an old burned out house in which complainant used to live. Appellant dragged complainant into the house where he then ripped off her remaining clothes, pushed her onto a mattress and struck her again on the head. At this point, complainant passed out. When she awoke, complainant found appellant's head between her legs. Appellant then bit complainant's vagina causing injury which eventually required surgery. Appellant testified that the entire event was consensual, the injury was accidental and that he did not use or exhibit a deadly weapon. The record further reveals that

appellant and complainant may have had a common-law marriage relationship, although they had separated and were not residing together at the time of this incident.

■ In his first point of error, appellant asserts that sexual assault is not a lesser included offense of aggravated sexual assault. Appellant bases this contention on the premise that TEX. PENAL CODE ANN. § 22.011(a)(1)(C) (Vernon Supp.1987), defining sexual assault, requires as an element of the offense that the complainant be a person "who is not the spouse of the actor" *Id.* Sections 22.021(a)(1)(A)(iii) and 22.021(a)(2)(A)(iv), defining aggravated sexual assault, do not require such an element. The Dallas and Fort Worth Courts of Appeals have recently held that sexual assault is a lesser included offense of aggravated sexual assault. *Perryman v. State,* 798 S.W.2d 326, 332 (Tex.App.—Dallas 1990, no pet.); *McGahey v. State,* 744 S.W.2d 695, 696 (Tex.App.—Fort Worth 1988, pet. ref'd). We agree with our sister Courts of Appeals.

■ For an offense to be a lesser included offense, its proof must be included within the proof necessary to establish the offense charged. The issue is "whether the State's case as presented to prove the offense charged included proof of [a lesser included offense]," not "whether the primary offense *is capable* of proof on some theory that would not show [a lesser included offense]." *Cunningham v. State,* 726 S.W.2d 151, 154 (Tex.Crim.App.1987) (quoting *Campbell v. State,* 571 S.W.2d 161, 162 (Tex.Crim.App.1978)) (emphasis added). In this case, the State introduced evidence to show that the complainant did not consent to the sexual advances of the appellant. In presenting it's case, the issue was raised as to a purported common-law marriage relationship between the appellant and the complainant. For the purposes of sexual assault, TEX. PENAL CODE ANN. § 22.011(c)(2) (Vernon Supp.1987), defines spouse as "a person who is legally married to another, except that persons married to each other are not treated as spouses if they do not reside together ...".

The evidence adduced at trial as to whether the appellant and complainant were residing together at the time of the offense is clear and uncontroverted. Both the appellant and the complainant testified that they had not resided together for a number of weeks before November 1, 1989. In presenting it's case to prove the offense of aggravated sexual assault, the State presented ample proof of the offense of sexual assault. In examining the language of Section 22.011 in relation to Section 22.021, it is clear that sexual assault is, by definition, a lesser included offense of aggravated sexual assault in any case where the complainant and the accused are not spouses.

■ However, in reviewing the record concerning appellant's first point of error, we are drawn to the fact that appellant did not object to the inclusion of an instruction on the lesser included offense of sexual assault in the trial court's jury charge. While appellant did object to the wording of the instruction on the lesser included offense, he did not object to its inclusion in the charge. In fact, the record reveals that appellant submitted to the trial court during his objections that sexual assault is a lesser included offense of aggravated sexual assault. The record further reveals that appellant asked the jury in his closing argument to consider whether he was guilty of sexual assault in the event that they found him not guilty of aggravated sexual assault. By invoking the benefit of the lesser included offense charge at trial in not objecting to its submission to the jury, the appellant can not now be heard to complain on appeal that sexual assault is not a lesser included offense of aggravated sexual assault. *See, e.g., Bradley v. State,* 688 S.W.2d 847, 853 (Tex.Crim.App.1985); *Brown v. State,* 740 S.W.2d 45, 46 (Tex.App.—Houston [14th Dist.] 1987, no pet.). Appellant's first point of error is overruled.

■ Appellant's second point of error complains that the trial court's charge to the jury on the offense of sexual assault was fundamentally defective since it authorized a conviction without requiring proof beyond a reasonable doubt that the com-

plaintiff was not the appellant's spouse. Appellant cites as authority *Selman v. State,* 663 S.W.2d 838 (Tex.Crim.App.1984), which held that "[t]he failure to include an essential element of the offense in the charge applying the law to the facts is fundamental error." *Id.* at 840. The holding in *Selman,* however, was decided before the Court of Criminal Appeals delivered its opinion in *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1984). In *Almanza,* the court held that if the accused made a proper objection in the trial court to the error in the charge, then reversal is required when it is shown that there was some harm to the accused. However, if the accused did not make a proper objection at trial, then reversal is required only if the harm is so egregious that the accused has not had a fair and impartial trial. *Almanza v. State,* 686 S.W.2d at 171.

█ In light of the holding in *Almanza,* we must first consider whether appellant's objection to the error in the charge was proper. TEX.CODE CRIM.PROC.ANN. art. 36.-14 (Vernon 1981) provides that objections to the court's charge must distinctly specify each ground of objection. Appellant's objection at trial was that the charge

> "improperly defines sexual assault and aggravated sexual assault and does not properly charge the jury on the difference and meaning between the two," and "that the wording in the indictment which the State was required to prove is not consistent with the charge the Court is giving the jury as to Count 2 in the indictment."

> "And we further submit that the Court improperly charges on both the law as it applies to sexual assault and improperly applies the law regarding sexual assault to the facts as presented to the jury and we again submit that as to the last or the alternative pleading that the State used in Count 2, the bottom portion of Count 2 of the indictment that the way it is plead does not justify the charge relating to that portion of Count 2 of the indictment as is stated in the Court's charge as to both the law and the evidence."

Appellant's objection did not distinctly specify that the court's charge, as it applies to sexual assault, did not require that the jury find beyond a reasonable doubt that the appellant and the complainant were not spouses. Appellant's general objections as to the charge's definition of sexual assault or improper application of the law to the facts was not sufficiently specific to put the trial court on notice of the error.

█ Having concluded that appellant did not make a proper objection to the charge error at trial, we must utilize the "egregious harm" test as set out in *Almanza* to determine if the error requires reversal. In determining the actual degree of harm to the appellant, we must make a thorough evidentiary review as well as a review of any other relevant information revealed by the record. The evidence in this case is clear and uncontroverted that the appellant and complainant were not spouses for the purposes of Sec. 22.011. There is no evidence from which the jury could infer that appellant and complainant were residing together at the time of the offense. The record further reveals that appellant did not contest the issue either in his case in chief or in his jury argument. We therefore hold that appellant was not so egregiously harmed that he did not receive a fair and impartial trial. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.