**Kenneth Wayne FIRST, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 69832.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 16, 1992.

Rehearing Denied Feb. 10, 1993.

Richard L. Wardroup (court-appointed), Lubbock, for appellant.

Travis S. Ware, Dist. Atty., Lubbock, Robert Huttash, State's Atty., Austin, for State.

## OPINION

BAIRD, Judge.

Appellant was convicted of capital murder. Tex.Penal Code Ann. § 19.03(a)(6)(A). The jury affirmatively answered the three issues submitted pursuant to Tex.Code Crim.Proc.Ann. art. 37.071(b) and appellant was sentenced to death. Tex.Code Crim. Proc.Ann. art. 37.071(e). Appeal to this Court is automatic. Tex.Code Crim.Proc. Ann. art. 37.071(h). Appellant raises thirteen points of error. We will reverse.

### I.

The facts of this case are not in dispute.[1] On May 30, 1986, the complainants, Luke Davis and Kimberly Holley, spent several hours at a Lubbock tavern.[2] Later in the evening, appellant and Pierce Horton arrived at the tavern and began playing pool with Davis and Holley. At approximately 1:00 a.m. appellant, Horton, Davis, and Holley left the bar together. While in the parking lot, Davis and Holley assaulted appellant and Horton. Davis overpowered appellant and repeatedly slammed appellant's head into the sidewalk and into the bumper of a parked automobile. Testimony as to the number of times appellant's head hit the car and sidewalk differed, but various witnesses agreed that Davis was in control of the fight.[3] During the fight,

---

1. Appellant's brief contains a "Statement of Facts" which is documented with specific references to the appellate record. The State's brief also contains a "Statement of Facts" which states, "[t]he Appellant states the essential facts of the case as they developed at trial."

2. It is the author's policy not to refer to complainants by name. However, because of the factual circumstances of this case, that policy cannot be followed.

3. One witness testified that Davis struck appellant's head into the sidewalk "at least fifteen

Holley produced a knife and held Horton at bay by threatening to "cut [Horton's] goddamned guts out" if Horton attempted to assist appellant. Upon learning of the fight, the bar's doorman went outside and told the four to leave. When the fight between appellant and Davis ended, appellant retrieved a revolver from Horton's automobile. Appellant fired at and hit a passing vehicle. Davis and Holley attempted to escape in Holley's car. Appellant fatally shot Davis as Davis sat in the passenger seat of the car. Holley, standing on the driver's side, turned and attempted to flee. Appellant fired a fatal shot into the back of Holley. Moments later, police officers arrested Horton and appellant.

## II.

■ In points of error one and two, appellant contends the capital sentencing scheme provided by Tex.Code Crim.Proc. Ann. art. 37.071 as applied to him is unconstitutional. Specifically, appellant contends that the interaction between Tex.Penal Code Ann. § 19.03(a)(6)(A) and Tex.Code Crim.Proc.Ann. art. 37.071(f) deprived the jury of a vehicle, namely the issue provided by Tex.Code Crim.Proc.Ann. art. 37.-071(b)(3), to give effect to the provocation on the part of Davis.[4] For the following reasons, we sustain appellant's points of error one and two.

times" and against the car bumper "three or four times."

4. Specifically, appellant's points of error state:

Point of Error One

Article 37.071 of the Texas Code of Criminal Procedure is unconstitutional as applied to appellant in that it does not require the sentencer to give independent weight to evidence of provocation on the part of both deceased.

Point of Error Two

The trial court erred in its charge to the jury on punishment in that the jury was only allowed to consider evidence of provocation with the respect to one of the deceased.

5. The remaining allegations in appellant's indictment state:

II.

AND further the said KENNETH WAYNE FIRST on or about the 30TH DAY OF MAY, 1986 in Lubbock County and State of Texas, did then and there intentionally and knowingly

Appellant's indictment alleged the offense of capital murder, pursuant to § 19.-03(a)(6)(A), as follows:

... KENNETH WAYNE FIRST hereafter styled the Defendant, heretofore on or about the 30TH DAY OF MAY, 1986, did then and there intentionally and knowingly murder more than one person during the same criminal transaction, to-wit: the said KENNETH WAYNE FIRST did then and there intentionally and knowingly cause the death of an individual, Kimberly Sue Holley, by shooting the said Kimberly Sue Holley with a handgun, and the said KENNETH WAYNE FIRST did then and there intentionally and knowingly cause the death of an individual, J. Luke Davis, by shooting the said J. Luke Davis with a handgun[.][5]

Art. 37.071(f) provides:

If a defendant is convicted of an offense under section 19.03(a)(6), Penal Code, the court shall submit the three issues under Subsection (b) of this article *only* with regard to the conduct of the defendant in murdering the deceased individual *first named in the indictment*.[6]

Prior to its submission to the jury, appellant objected to the proposed third issue as follows:

Your honor, we would like to also make the alternative objection that, and we are doing this for purposes of the

cause the death of an individual, Kimberly Sue Holley, by shooting the said Kimberly Sue Holley with a handgun;

III.

AND further the said KENNETH WAYNE FIRST on or about the 30TH DAY OF MAY, 1986 in Lubbock County and State of Texas, did then and there intentionally and knowingly cause the death of an individual, J. Luke Davis, by shooting the said J. Luke Davis with a handgun; and it is further presented in and to said court, that prior to the commission of the aforesaid offense by the said KENNETH WAYNE FIRST, on the 20th day of June, 1980, in the 104th District Court of Taylor County, Texas, in cause number 6406-B, the said KENNETH WAYNE FIRST was convicted of a felony, to-wit: Aggravated Assault, and said conviction became final prior to the commission of the aforesaid offense....

6. All emphasis herein is supplied by the author unless otherwise indicated.

record, that the statute as presented in article 37.07(1)(F) [sic] is unconstitutional on its face as applied to a capital murder conviction with multiple victims, in that it does not require the jury to make a specific determination as to each victim for each special issue. In that regard we would submit that the special issues should be presented in an alternate form.

\* \* \* \* \* \*

We submit that [the third punishment issue] should be submitted to the jury as, "Do you find from the evidence beyond a reasonable doubt that the conduct of the defendant in killing Kimberly Sue Holley was unreasonable in response to the provocation, if any, by Kimberly Sue Holley." And then the answer forms. And then special issue 3–B, "Do you find from the evidence beyond a reasonable doubt that the conduct of the defendant in killing J. Luke Davis was unreasonable in response to provocation, if any, by J. Luke Davis?

We feel that based on facts of this particular case and as applied to this individual defendant, that that's the only logical and constitutional way to present these special issues in a case of this magnitude. We would object to the form of the charge in that the special issues are not presented in a constitutional manner.

Prior to overruling appellant's requested issue the following exchange occurred:

[THE COURT] ... With regard to the denial—or the issue of the statute itself being unconstitutional, the Court will overrule the objection with regard to the constitutionality of the statute.

The Court over the evening had some time to deliberate and think about this particular statute and although I do not agree with the fact that it should be submitted only as to the individual first named or the deceased individual first named in the indictment, [but,] after doing a little bit of wresting with my own conscience with regard to the thing, that's the way the law says to present it. And although I do not agree that is the manner in which it ought to the [sic, be] submitted, based on the facts of this particular case, after some deliberation and the oath that I took when I took this office, I think I'm going to follow what the law is. I don't agree with it but I will follow what it is.

[DEFENSE COUNSEL] ... Also, this abridges his [appellant's] rights in that it would function as a cruel and unusual punishment under the 8th Amendment to the United States Constitution, in that a full, fair determination under the law is not allowed as the special issues are to be presented, and this would function to favor the imposition of the death penalty, and therefore function as a cruel and unusual punishment to this defendant.

[THE COURT] The Court will overrule the objections to the act on its constitutional grounds.

The Court will rule that the act is constitutional and will allow the submission under the law as required in 37.-071(f), as regards special issue number one and special issue number three.

Accordingly, the punishment charge followed art. 37.071(f) and applied only the first named deceased in the indictment, Holley, to the third issue:

Do you find from the evidence beyond a reasonable doubt that the conduct of the defendant in killing Kimberly Sue Holley was unreasonable in response to the provocation, if any, by Kimberly Sue Holley?

■ Resolution of appellant's points of error one and two depends upon the relevant capital murder jurisprudence from the United States Supreme Court. The Texas capital sentencing scheme, provided by art. 37.071, passed constitutional muster in *Jurek v. Texas*, 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976). In *Jurek*, the constitutionality of art. 37.071 "turned on whether the enumerated questions allow[ed] consideration of particularized mitigating factors." *Jurek*, 428 U.S. at 272, 96 S.Ct. at 2956. Art. 37.071 withstood Jurek's constitutional challenge because of this Court's assurance that the special issues would be interpreted broadly enough to enable sentencing juries to consider all of the mitigating evidence. *Id.*, 428 U.S. at 272–273, 96 S.Ct. at 2956–2957. Mitigating evidence is "any aspect of a defendant's character or

record and *any circumstances of the offense*" that may serve as a basis for a sentence less than death. *Lockett v. Ohio,* 438 U.S. 586, 604, 98 S.Ct. 2954, 2964–65, 57 L.Ed.2d 973 (1978); *Eddings v. Oklahoma,* 455 U.S. 104, 110, 102 S.Ct. 869, 874, 71 L.Ed.2d 1 (1982).

Under *Lockett*, "[t]o meet constitutional requirements, a death penalty statute must not preclude consideration of relevant mitigating factors." *Lockett*, 438 U.S. at 608, 98 S.Ct. at 2967.

In *Franklin v. Lynaugh,* 487 U.S. 164, 185, 108 S.Ct. 2320, 2333, 101 L.Ed.2d 155 (1988), Justice O'Connor, in a concurring opinion, recognized that the right to have the sentencer consider and weigh the mitigating evidence would be "meaningless" unless the sentencer was also permitted to give effect to that evidence. However, Justice O'Connor concluded the jury was able to give effect to Franklin's mitigating evidence through the issues submitted pursuant to art. 37.071(b). *Id.*

The following term, Justice O'Connor spoke for a majority of the Court in *Penry v. Lynaugh,* 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989), where the constitutionality of the Texas capital sentencing scheme was again challenged. Penry contended that art. 37.071 was unconstitutional as applied because the jury was not provided with a vehicle to give effect to the mitigating evidence of Penry's mental retardation and disadvantaged background. The Supreme Court agreed and reversed Penry's conviction.

After a discussion of *Jurek* and the subsequent death penalty jurisprudence, Justice O'Connor concluded:

> Thus, at the time Penry's conviction became final [1986] it was clear from *Lockett* and *Eddings* that a State could not, consistent with the Eighth and Fourteenth Amendments, prevent the sentencer from considering and *giving effect to* evidence relevant to the defendant's background or character or to *the circumstances of the offense* that mitigates against imposing the death penalty.

*Penry*, 492 U.S. at 318, 109 S.Ct. at 2946.

■ Therefore, in order for the Texas capital sentencing scheme to pass constitutional muster, the jury must not only be able to consider mitigating evidence, including the defendant's character, record or circumstances of the offense, but the jury must also be provided with a vehicle to give effect to that mitigating evidence. If the mitigating evidence is of such a nature that the jury can give effect to it through the issues submitted pursuant to art. 37.071(b) no additional vehicle is required and the Texas capital sentencing scheme is constitutional. *See, Franklin.* However, if the mitigating evidence falls beyond the scope of the issues, the Texas capital sentencing scheme is unconstitutional *unless* the jury is provided with a vehicle to give effect to that evidence. *See, Penry.*

■ Clearly, provocation on the part of the deceased is a circumstance of the offense which the jury must be able to consider and give effect to before the sentence of death may be imposed. *See, Lockett, Eddings* and *Penry.* By providing the third issue, in cases where it is raised by the evidence, the Texas Legislature recognized that provocation on the part of the deceased is a mitigating circumstance. In the instant case, the jury's consideration of provocation was limited to the provocation of Holley. Therefore, art. 37.071(f) impermissibly precluded the jury's consideration of the mitigating evidence as it related to the provocation of Davis. *Lockett*, 438 U.S. at 608, 98 S.Ct. at 2967.[7]

The trial judge, without the guidance of *Penry*, chose to follow the express language of art. 37.071(f).[8] *Penry* constituted

---

**7.** In *Lockett* the Supreme Court held:
... [A] statute that prevents the sentencer ... from giving independent mitigating weight to ... circumstances of the offense proffered in mitigation creates the risk that the death penalty will be imposed in spite of factors which may call for a less severe penalty. When the choice is between life and death, that risk is unacceptable and incompatible with the commands of the Eighth and Fourteenth Amendments.

*Lockett*, 438 U.S. at 605, 98 S.Ct. at 2965.

**8.** Appellant requested the issue relating to the provocation of Davis on February 27, 1987; however, *Penry* was not decided until June 26, 1989.

a dramatic change in Texas death penalty jurisprudence. In fact, we have determined that the holding in *Penry* represents a right not previously recognized by this Court. *Black v. State*, 816 S.W.2d 350 (Tex.Cr.App.1991) (Campbell, J., joined by McCormick, P.J., Clinton, Overstreet, Maloney and Benavides, JJ., concurring). Indeed, the *Penry* decision has been deemed so novel that a capital defendant need not have objected to the punishment charge at the time of his trial and, even if lodged, the objection need not comport with the point raised on appeal. *Mooney v. State*, 817 S.W.2d 693, 705 (Tex.Cr.App.1991).

Under these novel circumstances we cannot criticize the trial judge's decision to follow the statute which precluded the jury's consideration of the provocation of Davis. Based upon his comments when overruling appellant's requested instruction, it is clear the trial judge would have provided the jury with a vehicle to give effect to the mitigating evidence of provocation on the part of Davis had the trial judge had the benefit of *Penry*.

The State contends the punishment charge provided an adequate vehicle for the jury to give effect to appellant's mitigating evidence. For the following reasons, we reject the State's argument. The punishment charge stated:

> You are instructed that the law recognizes the existence of certain facts or circumstances which, though not justifying or excusing the offense, may properly be considered by you as extenuating or reducing the degree of moral culpability of the defendant, so that it may be appropriate to reduce, diminish, or lessen the punishment to be imposed because of such mitigating circumstances. Such mitigating circumstances give you, as jurors, the option to recommend against the penalty of death by the answer that you make to the special issue on this matter.

> Under our law, you cannot be precluded from considering as a mitigating factor any aspect of a defendant's character

or record or background that the defendant proffers as a basis for a sentence less than death.

In this case, the defendant, KENNETH WAYNE FIRST, has proffered the following matters as evidence of mitigating facts or circumstances: (1) voluntary intoxication at the time of the offense, (2) sexual molestation of the defendant as a child, (3) lack of education, (4) the youthful age of the defendant.

In *Hitchcock v. Dugger*, 481 U.S. 393, 394, 107 S.Ct. 1821, 1822, 95 L.Ed.2d 347 (1987), the Supreme Court considered the constitutionality of a Florida statute that limited the jury's consideration of the defendant's mitigating evidence to a list of approved circumstances. *Id.* at 396, 107 S.Ct. at 1823. The Supreme Court vacated the death sentence because the Statute violated the Eighth Amendment requirement that the sentencer may not refuse to consider or be precluded from considering any relevant mitigating evidence. *See, Skipper v. South Carolina*, 476 U.S. 1, 4, 106 S.Ct. 1669, 1671, 90 L.Ed.2d 1, *Eddings, supra,* and *Lockett, supra.* It is clear, from *Lockett* and *Hitchcock,* that the Eighth and Fourteenth Amendments are violated when the jury's consideration is limited to an inclusive list of mitigating circumstances.[9] In the instant case, the mitigating circumstances were limited by both the trial judge and by art. 37.071(f). As the Supreme Court concluded in *Lockett,*

> ... the Eighth and Fourteenth Amendments require that the sentencer, in all but the rarest kind of capital case, [footnote omitted] not be precluded from considering, *as a mitigating factor,* any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death. [Emphasis in original.]

*Lockett,* 438 U.S. at 605, 98 S.Ct. at 2965. As we said in *Matson v. State*, 819 S.W.2d 839, 851 (Tex.Cr.App.1991), "for the Texas death penalty statutes to meet constition-

---

**9.** We pause to note the trial judge did not have benefit of *Hitchcock,* which was decided two

months after appellant's trial.

al muster, the sentencing authority in a capital case must be allowed to consider and give effect to *all* relevant mitigating evidence." Clearly, the inclusive list of mitigating circumstances did not provide a vehicle for the jury to give effect to the provocation of Davis.

We believe the punishment charge, in the instant case, by not providing a vehicle to specifically consider and give effect to the provocation of Davis, effectively precluded the jury from considering that mitigating circumstance. We hold that without such a vehicle the Texas capital sentencing scheme violated the Eighth and Fourteenth Amendments. Therefore, the Texas capital sentencing scheme operated in an unconstitutional manner as applied to appellant. Accordingly, we sustain appellant's points of error one and two.

### III.

In Point of Error Eight, appellant challenges the sufficiency of the evidence to support the jury's affirmative answer to the second issue.[10] Although we have determined that appellant is entitled to relief, because the sufficiency of the evidence is challenged we must also address this point of error. *Lane v. State*, 743 S.W.2d 617, 629 (Tex.Cr.App.1987); *Selman v. State*, 663 S.W.2d 838 (Tex.Cr.App.1984). The second issue, submitted in the court's charge on punishment pursuant to Tex. Code Crim.Proc.Ann. art. 37.071(b)(2), stated:

> Is there a probability that the defendant, KENNETH WAYNE FIRST, would commit criminal acts of violence that would constitute a continuing threat to society?

To assess the sufficiency of the evidence, we must review the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found beyond a reasonable doubt that appellant would constitute a continuing threat to society. *Keeton v. State*, 724 S.W.2d 58, 61 (Tex.Cr.App.1987). The jury may consider evidence introduced

at both the guilt/innocence and the punishment phases of the trial when determining future dangerousness. *Mitchell v. State*, 650 S.W.2d 801, 802 (Tex.Cr.App.1983). Evidence of appellant's reputation is also admissible and relevant at punishment. *Rougeau v. State*, 738 S.W.2d 651, 668 (Tex.Cr.App.1987).

In some cases, the circumstances of the offense alone can sustain an affirmative answer to the second issue. *See, Willis v. State*, 785 S.W.2d 378, 386 (Tex.Cr. App.1989), and cases cited therein. However, such a determination is not a declaration that every heinous crime automatically abrogates the need for a jury to wrestle with the second issue. *See, Ellason v. State*, 815 S.W.2d 656, 660 (Tex.Cr.App. 1991) (and cases cited therein). Likewise, every offense under section 19.03(a)(6)(A) does not automatically warrant a sentence of death.

In the instant case, appellant shot and killed two unarmed people: Davis was shot while seated in the passenger seat of an automobile and Holley was shot in the back as she fled on foot. During the same spree, appellant shot at a passing automobile with two occupants. The bullet broke the passenger side window and lodged in the dashboard. The record reflects that appellant had a prior conviction for aggravated assault with a deadly weapon in 1980 and was sentenced to seven years' confinement. Additionally, appellant engaged in a jail fight while awaiting trial in the instant case. Three policemen who knew appellant's reputation for being peaceful and law-abiding in their community testified that appellant's reputation was bad. Finally, James Grigson, a forensic psychiatrist, testified that appellant constituted a continuing threat to society.

We find the evidence sufficient to sustain an affirmative response to the second issue. Appellant's point of error eight is overruled.

---

**10.** In his Eighth Point of Error, appellant claimed:

The State produced insufficient evidence to prove that there is a substantial probability

appellant will commit criminal acts of violence that would constitute a continuing threat to society.

## IV.

The judgment is reversed and the cause is remanded to the trial court.

MILLER, Judge, concurring.

The issue in this case is whether the operation of Art. 37.071(f), V.A.C.C.P.[1], which applies only to V.T.C.A. Penal Code § 19.03(a)(6)[2], unconstitutionally precluded the jury from considering mitigating evidence surrounding the circumstances of this capital offense. In this case, the proffered mitigating evidence was provocation by one of the deceased victims, the point of the third special issue under Art. 37.071(b)[3]; however, this evidence was provocation from the deceased victim named *second* in the indictment and, therefore, under Art. 37.071(f), the third punishment issue was not submitted as to that victim. I concur with Judge Baird that, as applied to this appellant, Art. 37.071 was unconstitutional. At the risk of being redundant, I briefly summarize the facts of this offense, which are decisive of this "as applied" analysis.

Appellant was convicted of murdering two people, Davis and Holley, who had attacked appellant and his companion in a bar parking lot. Davis beat appellant's head against a concrete sidewalk and the bumper of a car numerous times, while Holley held a knife on appellant's companion and threatened to "cut his goddamned guts out" if he attempted to help appellant. Appellant managed to get free from Davis and grabbed a gun from his friend's car. Appellant fired at a passing vehicle, which he hit. He then fatally shot Davis while Davis sat in the passenger seat of Holley's car. Appellant fatally shot Holley as she attempted to flee from the driver's side of her car where she was standing.

In its indictment, the State alleged Holley as the first victim, then Davis. At the punishment phase of trial, appellant requested a jury charge with the third special issue submitted as to both victims, rather than just Holley. The trial judge reluctantly denied appellant's requested charge and submitted the third issue only as to Holley, as required by Art. 37.071(f).

The body of law with which we are concerned in addressing appellant's claim was generated after the United States Supreme Court declared our statute unconstitutional in *Branch v. Texas*, decided with *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). In response, the Texas statute was amended, and subsequently declared constitutional in *Jurek v. Texas*, 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976). The Court found the Texas legislature had narrowed the categories of murder for which the death penalty could be imposed in enacting V.T.C.A. Penal Code § 19.03(a)(1)–(5), but the constitutionality of our scheme turned on whether the special issues in Art. 37.071(b) allowed consideration of particularized mitigating factors. *Jurek*, 428 U.S. at 272, 96 S.Ct. at 2956. The Court held that same day that the Eighth and Fourteenth Amendments required that a capital sentencing scheme allow the sentencing authority to consider mitigating circumstances. *See Gregg v. Georgia*, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976), and *Proffitt v. Florida*, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976). The net effect was that the Eighth

---

1. Article 37.071(f), in effect at the time of appellant's trial, stated:

    If a defendant is convicted of an offense under Section 19.03(a)(6), Penal Code, the court shall submit the three issues under Subsection (b) of this article only with regard to the conduct of the defendant in murdering the deceased individual first named in the indictment.

2. Section 19.03(a)(6) provides:
    (a) A person commits an offense if he commits murder as defined under Section 19.02(a)(1) of this code and:
    (6) the person murders more than one person:

(A) during the same criminal transaction; or
(B) during different criminal transactions but the murders are committed pursuant to the same scheme or course of conduct.

3. Article 37.071(b)(3), effective at the time of appellant's trial, states:
    (b) On conclusion of the presentation of the evidence, the court shall submit the following [issue] to the jury: ....
    (3) if raised by the evidence, whether the conduct of the defendant in killing the deceased was unreasonable in response to the provocation, if any, by the deceased.

and Fourteenth Amendments required that an *individualized* sentencing determination be made. *Woodson v. North Carolina*, 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976).

The High Court further noted that Texas law first required that one of five aggravating circumstances be found before a defendant could be found guilty of capital murder. *See* Penal Code § 19.03(a)(1)–(5). Then, before imposing the death sentence, the jury was asked to consider whatever mitigating evidence the defendant brought before it. Thus, the Texas capital sentencing scheme "guide[d] and focuse[d] the jury's objective consideration of the particularized circumstances of the individual offense and the individual offender before it [could] impose a sentence of death." *Jurek*, 428 U.S. at 273, 96 S.Ct. at 2957.

The Supreme Court continued to build upon the individualized sentencing foundation of *Jurek, Gregg, Proffitt,* and *Woodson* with its decisions in *Lockett v. Ohio*, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), and *Eddings v. Oklahoma*, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982). In *Lockett*, the Court struck down Ohio's death penalty statute because it did not permit the sentencing judge to consider as mitigating factors the defendant's lack of a specific intent to kill and her limited role in the murder as an accomplice. The Court concluded the Eighth and Fourteenth Amendments require that the sentencer not be precluded from considering as a mitigating factor *any* aspect of a defendant's character or record and *any of the circumstances of the offense* that the defendant proffers as a basis for a sentence less than death. *Lockett*, 438 U.S. at 604, 98 S.Ct. at 2965 (emphasis added). *Eddings* followed the *Lockett* principles in vacating a death sentence for a 16 year old defendant because his sentencer was not able to consider (because the state statute did not consider it a "mitigating" factor), as mitigating factors, evidence of his difficult family history and of emotional disturbance.

The overriding principle from each of these cases, and from subsequent Supreme Court opinions such as *Skipper v. South Carolina*, 476 U.S. 1, 106 S.Ct. 1669, 90 L.Ed.2d 1 (1986), *Franklin v. Lynaugh*, 487 U.S. 164, 108 S.Ct. 2320, 101 L.Ed.2d 155 (1988), and even *Penry v. Lynaugh*, 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989), is that the Eighth and Fourteenth Amendments require individualized sentencing in death penalty cases. What that means is that the jury may not be precluded from considering, as a mitigating factor, any aspect of a defendant's character or record and, most importantly to the case *sub judice*, any of the circumstances of the offense. This principle is stated repeatedly by the Supreme Court.

In 1985 the Texas capital murder statute, § 19.03, was amended to add a new category of capital murder, to-wit: murder of more than one person during the same criminal transaction or during different transactions but pursuant to the same scheme or course of conduct. *See* fn. 2, *infra*. Acts 1985, 69th Leg. ch. 44, § 1, eff. September 1, 1985. In conjunction with this amendment, Art. 37.071 was amended to add a new part (f) which addressed submission of the special issues where there were two murder victims. *See* fn. 1, *infra*. Acts 1985, 69th Leg. ch. 44, § 2, eff. September 1, 1985.[4]

Application of the principles from the Supreme Court to the facts in this case clearly calls for a conclusion that Art. 37.-071(f) was unconstitutionally applied as to the appellant. Article 37.071(f) states (with emphasis added):

> If a defendant is convicted of an offense under Section 19.03(a)(6), Penal Code, the court shall submit the three issues under Subsection (b) of this article *only with regard to the conduct of the defendant in murdering the deceased individual first named in the indictment.*

By its terms, the statute limits the evidence which is considered by the jury in *answering* the special issues.[5] The application of

---

4. The Supreme Court has not yet addressed the constitutionality of the Texas statute in light of these amendments.

5. By its express terms, however, Art. 37.071(f) does not limit the *admissibility* at punishment of any relevant evidence offered in mitigation, and thus suffers no constitutional infirmity in this regard.

Art. 37.071(f) in this cause worked as follows.

The jury was informed through testimony at guilt/innocence that Davis repeatedly beat appellant's head against the sidewalk and the bumper of a car while Holley held a knife on appellant's companion, but in the third special issue the jury was only asked:

> (3) Do you find from the evidence beyond a reasonable doubt that the conduct of the defendant in killing Kimberly Sue Holley was unreasonable in response to the provocation, if any, by Kimberly Sue Holley?

In answering this issue, the jury was only asked to consider Holley's conduct in holding the knife on appellant's friend and threatening his friend's life. Thus, the jury was not asked to consider appellant's response (which was arguably quite reasonable) to Davis's provocation of repeatedly beating him, a critical circumstance of this offense. In fact, by directing the jury's attention to only Holley's conduct, the charge implicitly encouraged the jury to not consider the conduct of Holley's accomplice, Davis, in considering whether or not to assess the death penalty. Thus I find that the operation of Art. 37.071(f) in this case served to prevent the jury from considering this mitigating evidence, upon which a rational trier of fact could have found the appellant deserved a sentence less than death. For this reason I would hold that, as applied to appellant, Art. 37.071(f) was violative of Eighth and Fourteenth Amendment principles, and I therefore concur in the judgment of the court.

WHITE and OVERSTREET, JJ., join this concurring opinion.

CAMPBELL, Judge, dissenting.

The question presented by appellant Kenneth Wayne First's first and second points of error is whether, at the punishment stage of his capital murder trial, the jury was able to fully consider and give effect to certain mitigating evidence, as required by the Eighth Amendment to the United States Constitution. Since I disagree with the majority's answer to that question, I must dissent.

At around one o'clock on the morning of May 30, 1986, appellant and his companion, Pierce Horton, were assaulted by J. Luke Davis and Kimberly Sue Holley in the parking lot of a Lubbock bar. While Holley held Horton at knifepoint, Davis overpowered appellant and slammed his head repeatedly against a concrete sidewalk and the bumper of a parked car. After a few moments, appellant managed to free himself and to make his way to Horton's car, where he got Horton's revolver. Appellant fired a shot, which hit a passing car, and then fired at Davis and Holley, who were attempting to flee. Appellant shot them both dead. Horton then hid the revolver beneath some bushes nearby. Soon thereafter, both appellant and Horton were arrested.

On June 18, 1986, the Lubbock County grand jury indicted appellant for the capital murder of Holley under Texas Penal Code § 19.03(a)(6)(A), which provides that a person commits a capital offense if he (1) commits murder and (2) "murders more than one person during the same criminal transaction."[1] Appellant was brought to trial in February 1987. Although the jurors at appellant's trial were instructed on capital murder (of Holley) and the lesser included offenses of murder (of Holley and Davis) and voluntary manslaughter (of Holley and Davis), they found appellant guilty of capital murder.

At the punishment stage, in accordance with subsections (b) and (f)[2] of Texas Code of Criminal Procedure article 37.071, the trial court submitted the following special issues to the jury:

> If a defendant is convicted of an offense under Section 19.03(a)(6), Penal Code, the court shall submit the three issues under Subsection (b) of this article only with regard to the conduct of the defendant in murdering the deceased individual first named in the indictment.

---

1. I express no opinion regarding the appropriateness of charging capital murder under the facts of this case. That call was for the prosecutor, the grand jury, and the petit jury to make, not for me or this Court to make.

2. At the time of appellant's trial, Article 37.071(f) provided:

(1) Was the conduct of the defendant, KENNETH WAYNE FIRST, that caused the death of Kimberly Sue Holley committed deliberately and with the reasonable expectation that the death of Kimberly Sue Holley would result?

(2) Is there a probability that the defendant, KENNETH WAYNE FIRST, would commit criminal acts of violence that would constitute a continuing threat to society?

(3) Do you find from the evidence beyond a reasonable doubt that the conduct of the defendant in killing Kimberly Sue Holley was unreasonable in response to the provocation, if any, by Kimberly Sue Holley?

Special issues (1) and (3) were submitted to the jury only with respect to appellant's conduct in murdering Holley, because she was the first victim listed in the indictment.[3]

The trial judge instructed the jurors that the burden was on the State to prove each special issue beyond a reasonable doubt, and that

in determining each of these Special Issues you may take into consideration *all of the evidence submitted to you in the full trial of the case*, that is, all of the evidence submitted to you in the first part of this case wherein you were called upon to determine the guilt or innocence of the defendant, and all of the evidence, if any, admitted before you in the second part of the trial wherein you are called upon to determine the answers to Special Issues hereby submitted to you.

(Emphasis added.) The jurors subsequently answered each special issue in the affirmative.

Appellant argues to this Court, as he did to the trial court, that his Eighth Amendment right to be free of cruel and unusual punishment was violated because the ju-

rors at his trial, in answering the three special punishment issues, were unable to consider and give effect to the mitigating evidence of Davis' assault upon him. Appellant insists that special issue three should have been submitted to the jury with regard to his conduct in murdering Holley *and* Davis.

Remarkably, a majority of this Court has now accepted appellant's argument. The majority opinion expresses the belief that "the Texas capital sentencing scheme operated in an unconstitutional manner as applied to appellant" because special issue three, as submitted, "impermissibly precluded the jury's consideration of the mitigating evidence as it related to the provocation of Davis." Judge Miller, in his concurrence, worries that special issue three "encouraged" the jury not to consider the provocation by Davis. What I find quite surprising is that neither opinion explains why *special issue two* was not an adequate vehicle for the jury's consideration of the evidence in question.

The Eighth Amendment's guarantee against "cruel and unusual punishments" was made applicable to the states by the due process clause of the Fourteenth Amendment. *Robinson v. California*, 370 U.S. 660, 666, 82 S.Ct. 1417, 1420, 8 L.Ed.2d 758 (1962). And, as everyone by now knows, it is settled that that Eighth Amendment guarantee requires the sentencer in a capital murder case to make an individualized assessment of the appropriateness of the death penalty in light of the defendant's moral, as opposed to factual, blameworthiness. *Penry v. Lynaugh*, 492 U.S. 302, 317, 109 S.Ct. 2934, 2946, 106 L.Ed.2d 256 (1989). And, in order to make this individualized assessment, the sentencer must be able to fully consider and give effect to any mitigating evidence regarding the defendant's character and record and

---

**3.** We pointed out earlier this term in *Narvaiz v. State*, 840 S.W.2d 415, 415, No. 70,810 (Tex.Cr. App.1992), that

[a] person convicted and punished for capital murder under the statutory scheme created by § 19.03(a)(6)(A) and Article 37.071(f) is, in plain effect, convicted and punished for the murder of the *first* person listed in the indictment ..., whether or not that person was the

person who was murdered first in time. The interaction of these two statutes makes the legislative intent quite clear. Thus, ..., under the statutory scheme the murder of the second person listed in the indictment is merely the aggravating circumstance that renders "capital" the murder of the person listed first. (Emphasis in original.)

the circumstances of the offense. *Id.*, at 318–26, 109 S.Ct. at 2947–2951.

The evidence of Davis' assault upon appellant was certainly mitigating, because reasonable jurors could conclude the assault lessened appellant's moral blameworthiness for the crime of which he was found guilty. See *Nobles v. State*, 843 S.W.2d 503, (Tex.Cr.App.1992). Since that evidence was mitigating, the Eighth Amendment required that the jury have available to it *some* vehicle for giving effect to that evidence. *Special issue two was such a vehicle.* The only mitigating quality associated with the evidence of Davis' assault was its implication that appellant would not have killed but for the assault. Therefore, the jury was perfectly able to consider and give effect to that evidence in its determination of whether there was a probability appellant would be a danger in the future. There is no reason to believe the jury did not consider the evidence in question when it answered special issue two. This is especially so given the fact the jury was specifically instructed that it could consider *all* the evidence before it in answering all three special issues. See *Lackey v. State*, 819 S.W.2d 111, 134 n. 9 (Tex.Cr.App.1989) (op. on reh'g).

The United States Court of Appeals for the Fifth Circuit reached the same conclusion in an essentially identical case. In *White v. Collins*, 959 F.2d 1319 (5th Cir. 1992), Texas defendant Billy Wayne White had been convicted of the capital murder of a furniture store employee in Houston. Although White had not requested the state trial court to submit the third special issue on provocation to the jury, he sought a stay of execution in the Fifth Circuit on the ground that, because the third special issue had not been submitted, the jury had been unable to consider and give effect to evidence that the victim provoked her murder by spraying White with mace. The Fifth Circuit denied the stay, explaining:

> If the jury believed White shot [the deceased] as a reflex after she sprayed him with mace, the jury was able to give effect to the mitigating value of this perception. [The jury] could have given effect to [the evidence of] provocation by finding that ordinarily, White would be nonviolent. Such an understanding of the evidence would support a negative response to the second issue on future dangerousness.... The special issues submitted to the jury thus provided an adequate vehicle for the jury to respond to the mitigating effect of the alleged provocation by the victim.

*White v. Collins*, 959 F.2d at 1324.

I believe, along with the Fifth Circuit, that special issue two is a perfectly adequate vehicle under the Eighth Amendment, and I also believe the jury in this case could have considered and given full effect to the provocation of Davis under special issue two. Because the majority of this Court has not explained why the Fifth Circuit and I are wrong, I respectfully dissent.

I would sustain neither appellant's first nor second point of error but would proceed to address his remaining points.

McCORMICK, P.J., and BENAVIDES, J., join.