ROY GINN V. THE STATE.

No. 17146.  Delivered January 16, 1935.
State's Rehearing Denied February 27, 1935.

The opinion states the case.

*John D. Reese,* of McKinney, for appellant.

*H. H. Neilson,* Co. Atty., and *W. C. Dowdy,* Ex-Co. Atty., both of McKinney, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment, confinement in the penitentiary for two years.

Nathan Craddock, the injured party, lived with his wife near the town of Prosper. Appellant was a resident of Fort

Worth, but had formerly resided in Prosper, where Craddock had worked for him. He had gone on Craddock's note at the Prosper bank for $25 and had been required to pay practically the entire amount. According to appellant's testimony, he had gone to Craddock's in an effort to collect the amount due him. He carried a pistol because of the fact that Craddock had at one time assaulted him with a knife and he was afraid of him.

Craddock testified, in substance, as follows: On the 15th of April, 1934, he saw appellant pass his house several times. Eventually, on the date mentioned, appellant drove to the witness' house in a car with Ed Cripps, and parked within three or four steps of the corner of the witness' porch inside his yard. The witness and his son were at the barn about fifty yards from the house. When he saw appellant turn into his yard he went to the house and ordered appellant to get his car out of his yard. Appellant replied: "All right, I am ready for you," and got out of his car with an automatic pistol in his hand, which he pointed at the witness. The witness then ran to his barn, with appellant pursuing him. When the witness was about fifty yards from the barn, and while running rapidly, he turned around and looked in appellant's direction. Appellant had stopped and was pointing the pistol toward him. He ran faster, and while running, heard the pistol fire, but heard no sound of the bullet. He was not looking at appellant when the shot was fired, and did not know exactly how long it was after he saw appellant pointing the pistol until he heard the shot. He ran three-quarters of a mile to a neighbor's house and did not return home until some time later.

Appellant testified, in substance, as follows: After he had driven his car into the yard Craddock approached him from around the corner of the house and ordered him out. He placed his hand on the handle of his pistol and advanced toward Craddock. Craddock ran around the house and he pursued him for the reason that he was afraid he was going after a weapon. Craddock then ran toward the barn fifty yards away and he pursued him, believing that he might secure a weapon at that place. When he reached the barn he stopped and after Craddock had run out into the field approximately two hundred yards he fired a shot into the ground, but not in the direction of Craddock. He had no intention of shooting Craddock at any time, but fired the shot into the ground for the purpose of scaring him. The pistol he was using "would hold up about fifty yards."

Ed Cripps, a witness for appellant, testified substantially

the same as did appellant, except that he stated that after Craddock had run off across the field appellant and Craddock's wife went into the house together and remained some little time. When they came out they kissed each other, and she told appellant that she would see him again Saturday.

The State's attorney before this court has filed a brief in which he states that in his opinion the evidence is insufficient to establish an intent on the part of appellant to kill Craddock. He takes the position that the record excludes the idea of an intent to kill, and, further expresses the opinion that the evidence fails to show that appellant was in a position to commit a battery. To constitute an assault with intent to murder, there must be an intent to kill and the assault must be couped with an ability to commit a battery upon the person assaulted. McCullough v. State, 5 S. W., 839. See article 1138, P. C. The testimony on the part of the State, as pointed out by State's Attorney in his brief, fails to show how far appellant was from Craddock at the time the shot was fired. The testimony on the part of appellant was to the effect that Craddock was approximately 200 yards from him. If the pistol would hold up for only 50 yards, manifestly appellant did not have an ability to commit a battery upon Craddock. According to the State's testimony, Craddock must have been more than 50 yards from appellant. There was no proof on the part of the State controverting that of appellant to the effect that the pistol would not hold up over 50 yards. It might be added that appellant was in a position from the time Craddock approached him to shoot him if he desired. He was close enough to have shot him at the time he ran him to the barn. We think the testimony in its entirety excludes the idea that appellant intended to kill Craddock. See Vaughan v. State, 180 S. W., 131. See also Owens v. State, 48 S. W. (2d) 257.

The judgment is reversed and the cause remanded.

*Reversed and remanded*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The County Attorney of Collin County has filed a motion for the State in which it is urged that we were in error in our original opinion of reversal. The motion called for a further review of the facts. We are led to

believe the jury may have thought appellant's purpose in going to Craddock's house was reprehensible to a degree which rendered it difficult for them to act with unbiased judgment in the premises. After again giving careful scrutiny to the facts we are still of opinion that they do not support a verdict which must necessarily carry with it a finding that appellant intended to kill Craddock.

The motion for rehearing is overruled.

*Overruled.*