## Scott Morgan v. The State.

No. 19767.   Delivered May 11, 1938.

The opinion states the case.

*Fred O. Jaye,* of DeLeon, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is driving an automobile on a public highway while intoxicated; the punishment, a fine of fifty dollars and confinement in jail for five days.

Article 802, P. C., as amended by Chapter 424, Acts of the First Called Session of the 44th Legislature, denounced the offense of driving an automobile or motor vehicle upon any public highway, etc., while intoxicated. It was provided that any person who offended against the provisions of the statute should be "confined in the penitentiary for not more than two (2) years

or be confined in jail for not less than thirty (30) days nor more than ninety (90) days or fined not less than Fifty Dollars ($50) nor more than Five Hundred Dollars ($500) or be punished by both such fine and imprisonment in jail."

Said article was amended by House Bill No. 120, Acts of the Regular Session of the 45th Legislature, under a caption reading as follows: "An Act amending Article 802, Penal Code of Texas, 1925, as amended by Chapter 424, Acts of the First Called Session, 44th Legislature, and declaring an emergency."

The only change in the definition of the offense is found in the additional language, "or in any degree under the influence of intoxicating liquor." As to the penalty, it is provided that one offending against the act shall be confined in the penitentiary "for not more than two (2) years, or be confined in the county jail for not less than five (5) days nor more than ninety (90) days and fined not less than fifty dollars ($50) nor more than five hundred dollars ($500)."

Appellant insists that the caption of the act is insufficient under the terms of Section 35, Article 3, of the Constitution. The applicable portion of the cited section of the Constitution reads: "No bill * * * shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

The title of the act does not specify the particular field the amendment covers. It merely specifies the article of the Penal Code to be amended. The provisions of the amendatory act are germane to the subject of Article 802, P. C. Generally, a reference to a number of an article in a code, such as our revised statutes, is sufficient in the title of an act amendatory thereof, to allow any amendment germane to the subject treated in the article referred to. See Opinion No. 19766, C. D. Walker v. The State, this day delivered, and authorities cited. [Page 500 of this volume.] The caption is sufficient. It follows that we are unable to sustain appellant's contention that the act is unconstitutional.

If the language "in any degree under the influence of intoxicating liquor," as embraced in the statute, is so vague and indefinite as to make it obnoxious to the provisions of our Constitution, the use of such language did not have the effect of invalidating the statute. That part of the statute denouncing as an offense the driving of an automobile upon a public highway while intoxicated has been upheld. See Herring v. State, 35 S. W. (2d) 737. It is observed that the indictment charged

the driving while intoxicated and "while in a degree under the influence of intoxicating liquor." Rejecting the last allegation as surplusage, the indictment still charges appellant with having driven an automobile while intoxicated. In his charge the court required the jury to believe beyond a reasonable doubt that appellant was intoxicated at the time he drove his automobile upon the public highway.

The record is before us without a statement of facts or bills of exception.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.