LAURA V. HERWIG V. THE STATE.

No. 20934. Delivered March 27, 1940.

The opinion states the case.

*Edgar Shelton,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for driving an automobile upon a public street of the City of San Marcos while in a degree under the influence of intoxicating liquor. The punishment assessed is confinement in the State penitentiary for a term of one year. This prosecution was initiated and maintained under Art. 802 P. C., which reads as follows:

"Any person who drives or operates an automobile or any other motor vehicle upon any street or alley, or any other place within the limits of an incorporated city, town, or village, or upon any public road or highway in this State while such person is intoxicated, or in any degree under the influence of intoxicat-

ing liquor, shall upon conviction be confined in the penitentiary for not more than two (2) years, or be confined in the county jail for not less than five (5) days nor more than ninety (90) days and fined not less than Fifty Dollars ($50) nor more than Five Hundred Dollars ($500)." (As amended Acts, 1937, 45th. Legis. p. 108 ch. 60 Sec. 1.)

The indictment in this case contains two counts. The first count, omitting the formal parts thereof, charges that "Laura V. Herwig, on or about the 6th day of June, 1939, and interior to the presentment of this indictment, did then and there unlawfully while intoxicated drive and operate an automobile upon a certain public street situated within said county and state." The second count charged that appellant, on or about the 6th day of June did then and there unlawfully, WHILE IN A DEGREE UNDER THE INFLUENCE OF INTOXICATING LIQUOR, drive and operate an automobile upon a certain public street, etc.

The court submitted the case to the jury on both counts. The jury acquitted appellant of the charge contained in the first count and convicted her under the second count. The acquittal of appellant on the first count in the indictment was a finding by the jury that appellant was not intoxicated at the time and place at which she was charged with having operated an automobile. The language in the second count, to-wit: "While in a degree under the influence of intoxicating liquor" is entirely too vague, indefinite and uncertain to charge an offense. In the case of Fuller v. State, 116 Tex. Crim. Rep., 310, 32 S. W. (2d), 358, Judge Morrow in a concurring opinion said:

"The words, 'or in any degree under the influence of intoxicating liquor' as contained in Art. 802 P. C. are too indefinite to define a criminal offense."

The court further held, however, that such language in the *Statute* did not invalidate it, since there was sufficient other language in the statute to make an offense of driving while intoxicated. See also in this connection the cases of Walker v. State, 116 S. W. (2d), 1076, and Morgan v. State, 116 S. W. (2d), 1079.

In the case of Wilson v. State, 59 S. W. (2d), 399, the indictment charged that appellant operated an automobile upon North Fannin Street in the City of Tyler, Smith County, Texas, while the said Wilson was TO SOME EXTENT UNDER THE INFLUENCE OF INTOXICATING LIQUOR. The charge of the court in that case followed the language contained in the indictment, just as in the instant case. In that case the court said that the

words "in any degree under the influence of intoxicating liquor" did not create a crime. "Our Statute, Art. 6 P. C. declares inoperative an unintelligible law. * * A statute cannot be enforced where its meaning cannot be determined by any known rules of construction." See Augustine v. State, 41 Tex. Crim. Rep., 59, (73); Russell v. State, 88 Tex. Crim. Rep., 512; Ex Parte Slaughter, 92 Tex. Crim. Rep., 212. The court went on to hold that a conviction had under an indictment charging only that an accused was TO SOME EXTENT UNDER THE INFLUENCE OF INTOXICATING LIQUOR could not be sustained.

We do not deem it necessary to discuss the question at length in view of the fact that the matter has already been thoroughly considered and discussed by·the court in the case of Wilson v. State, supra. From what we have said it follows that the judgment of the trial court should be reversed and the prosecution ordered dismissed, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.