**Wayne Burton PRESTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–82–01439–CR.**

Court of Appeals of Texas, Dallas.

July 24, 1984.

Melvyn C. Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., R.K. Weaver, Anne Wetherholt, Asst. Dist. Attys., Dallas, for appellee.

Before AKIN, SPARLING and SHUMPERT, JJ.

SPARLING, Justice.

Appellant was convicted of aggravated assault and sentenced to two years' imprisonment. Appellant contends that (1) the evidence was insufficient because a verdict of acquittal on a companion case resolved a fact issue necessary to conviction; (2) there was insufficient evidence of a threat; (3) the indictment was insufficient because it failed to allege the manner and means of commission of the offense; and (4) the court erred by refusing to charge on reckless conduct. We affirm.

### Inconsistent Verdicts

Appellant was separately indicted for using a deadly weapon to assault police officers George Wilson and M.J. Rose. The cases were tried jointly, and the jury acquitted appellant of assaulting Rose and convicted him of assaulting Wilson.

■ Appellant contends that once the trial court accepted the not guilty verdict, all factual issues were resolved in appellant's favor, and, thus, the conviction was barred by the doctrine of collateral estoppel, embodied in the Fifth Amendment's guaranty against double jeopardy. *See Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). We disagree. The principle of collateral estoppel means that an issue of ultimate fact determined by a valid and final judgment cannot be litigated between the same parties in a future court action. *Ashe*, 397 U.S. at 443, 90 S.Ct. at 1194. The doctrine "only applies where there are *two* trials, and the State seeks to relitigate at the second trial some fact question *necessarily* decided against it at the first trial." *Hite v. State*, 650 S.W.2d 778, 784 n. 7 (Tex.Crim.App.1983). Thus, the doctrine is inapplicable to the instant case.

Inconsistent verdicts do, however, pose a question of the sufficiency of the evidence. Thus, the issue is not whether the acquittal of assaulting Rose collaterally estopped the State from prosecuting and convicting appellant for assaulting Wilson but, rather, whether the evidence is insufficient because the acquittal indicates that the jury resolved a fact issue necessary to the conviction for assaulting Wilson. *See Herwig v. State*, 138 Tex.Cr. 645, 138 S.W.2d 549 (1940).

■ We hold that the verdicts are not inconsistent. Wilson and Rose were dispatched to appellant's house in response to two reports from appellant: he was hearing noises in his backyard, and "he was going to shoot somebody." Wilson heard movement inside the house and moved six to eight feet from the door to a "safer position" on the porch. As the front door began to open, Wilson and Rose observed the barrel of a rifle, and Wilson yelled, "Put down the gun. It's the police." Wilson was approximately six feet from appellant, and Rose and the third officer were behind a car parked in appellant's driveway. Appellant raised the gun, pointing it in the general direction of the officers or toward the street. After appellant failed to respond to the officers' repeated warnings, Rose and a third officer fired shots toward appellant, and appellant dropped the gun.

Wilson testified that "he was coming at me," that "his eyes met my eyes," and that appellant did not lower the gun. Although both officers testified that they feared appellant would shoot them, and Rose testified that appellant also pointed the gun at him, Wilson stated that he did not know whether or not appellant ever pointed the gun at Rose. The evidence does not, as appellant suggests, reveal a single purposeful movement by which appellant pointed the gun simultaneously at both officers. The jury was free to accept or reject all or a portion of the testimony of any witness. *Limuel v. State*, 568 S.W.2d 309, 311 (Tex. Crim.App.1978). Thus, the jury reasonably could have believed that the gun was pointed at Wilson but not at Rose. Further, "[a] jury finding of not guilty does not imply a negative or adverse finding on each element of the offense; such a verdict may just as well indicate that the State failed to

prove any one element of the offense beyond a reasonable doubt." *Meeks v. State,* 653 S.W.2d 6, 9 (Tex.Crim.App.1983) (*en banc*). *See also Fairley v. State,* 493 S.W.2d 179 (Tex.Crim.App.1973). Accordingly, we conclude that the guilty verdict was supported by the evidence.

### Evidence of Threat

■■■ Appellant contends that the failure to prove *verbal* threats rendered the evidence insufficient to convict appellant of "threatening" Wilson with a deadly weapon. *See* TEX.PENAL CODE ANN. Sec. 22.01(a)(2) (Vernon Supp.1983). We disagree. Threats can be communicated by conduct as well as by words. *Nemecek v. State,* 621 S.W.2d 404 (Tex.Crim.App.1980); *Berry v. State,* 579 S.W.2d 487 (Tex.Crim. App.1979); *Seaton v. State,* 564 S.W.2d 721 (Tex.Crim.App.1978). We hold that the evidence that appellant pointed the gun at Wilson was sufficient to sustain the conviction.

### Sufficiency of the Indictment

Appellant complains of the trial judge's failure to grant his motion to quash the indictment because it did not specify the manner and means of the commission of the offense. Specifically, the indictment did not specify the nature of the threat of imminent bodily injury and how the gun was connected to the threat.

■■■ An indictment must allege facts sufficient to give the accused notice of the particular offense charged. TEX.CODE CRIM.PROC.ANN. art. 21.11 (Vernon 1966); *Haecker v. State,* 571 S.W.2d 920, 921 (Tex.Crim.App.1978). An indictment is sufficient if it sets forth on its face in plain and intelligible language sufficient information to enable the accused to prepare a defense. *Jeffers v. State,* 646 S.W.2d 185 (Tex.Crim.App.1981). The means used to commit an assault need not be alleged. *Burrell v. State,* 526 S.W.2d 799, 801 (Tex. Crim.App.1975); *Welcome v. State,* 438 S.W.2d 99, 101 (Tex.Crim.App.1969). Accordingly, we hold that the indictment was sufficient.

### Charge on Reckless Conduct

Appellant argues that the trial court erred by refusing his requested charge on the lesser included offense of reckless conduct. A two-step analysis is used in determining whether a charge on a lesser included offense is required:

First, the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record that if the defendant is guilty, he is guilty only of the lesser offense.

*Royster v. State,* 622 S.W.2d 442, 446 (Tex. Crim.App.1981) (*en banc*) (opinion on Court's motion for rehearing). Reckless conduct is defined as "recklessly engag[ing] in conduct that places another in imminent danger of serious bodily injury." TEX.PENAL CODE ANN. Sec. 22.05(a) (Vernon 1966).

■■■ We do not agree with the State's contention that the issue was not raised because appellant denied any guilt. If evidence from any source raises an issue that a lesser included offense might have been committed, the issue must be submitted to the jury. *Lugo v. State,* 667 S.W.2d 144 (Tex.Crim.App.1984) (not yet reported); *Ormsby v. State,* 600 S.W.2d 782 (Tex. Crim.App.1979).

■■■ We hold, however, that the evidence did not indicate that if appellant was guilty, he was guilty only of reckless conduct. Appellant ignored the officers' repeated warnings to drop the gun and, at trial, testified that he pointed the gun at the ground, and never toward the officers, and did not verbally threaten the officers. Thus, the evidence did not raise the presumption, provided in TEX.PENAL CODE ANN. § 22.05(b) (Vernon 1974), that appellant acted recklessly because he "knowingly pointed a firearm at or in the direction of another," or otherwise indicate that he was "aware of but consciously disregard[ed] a substantial and unjustifiable risk." TEX. PENAL CODE ANN. § 6.03(c) (Vernon 1974). Accordingly, we conclude that the

evidence did not raise the issue that appellant pointed the gun recklessly but without intent or knowledge.

Affirmed.