**Chestley Labron MILLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 13–86–247–CR to 13–86–250–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 28, 1987.

Rehearings Denied Oct. 22 and
Nov. 19, 1987.

J.M. Ramirez, Edinburg, Joseph Connors, III, McAllen, for appellant.

Theodore C. Hake, Asst. Dist. Atty., Edinburg, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

In a consolidated jury trial appellant was convicted of four aggravated assaults prior to the Supreme Court's decision in *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). On appeal, appellant complained to us that he had been denied a fair trial because the State used peremptory strikes to exclude members of appellant's race from the petit jury solely on account of their race. As *Batson* was held to apply retroactively, *Griffith v. Kentucky,* — U.S. —, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987); *Henry v. State,* 729 S.W.2d 732 (Tex.Crim.App., 1987), we decided to abate these appeals with instructions to the trial court to conduct a proper *Batson*—type hearing and to file findings of fact and conclusions of law pursuant to *Keeton v. State,* 724 S.W.2d 58 (Tex.Crim. App.1987), 733 S.W.2d 287.

The trial court, in accordance with our instructions to conduct a hearing and make fact findings concerning the existence of racial discrimination, concluded that appellant had established purposeful discrimination against members of his race on the venire panel. The trial court found that the prosecutor exercised seven of his ten peremptory strikes against members of appellant's race; that the explanations the prosecutor gave for striking five of the

seven jurors were neutral and credible; that the prosecutor's explanations for striking the other two jurors were not credible; and that the prosecutor purposefully discriminated to exclude from the jury at least one member of appellant's race.

Based on the trial court's findings, and after carefully reviewing the entire record, we now determine that appellant was denied a fair trial in violation of the equal protection clause of the fourteenth amendment. Therefore, the judgments of the trial court are REVERSED and the causes are REMANDED for a new trial.

## OPINION ON MOTION FOR REHEARING

■ On original submission, we reversed appellant's convictions and remanded the cases for new trial. In his motion for rehearing, appellant points out that we did not address his points of error challenging the sufficiency of the evidence. Appellant correctly cites *Selman v. State*, 663 S.W.2d 838, 840 (Tex.Crim.App.1984), for the proposition that a challenge to the sufficiency of the evidence should be considered before disposing of a case even though reversal may be based on another ground. Accordingly, we now address the points of error raised by appellant on original submission which challenge the sufficiency of the evidence.

In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App. 1984).

■ Appellant argues in his tenth point of error that the evidence is insufficient to prove he threatened Jose Luis Aguilar as charged in the indictment. Aguilar testified that a man, who he could not identify, pointed a shotgun in his face from only a few feet away. Aguilar testified, "I thought he was going to kill me." Although Aguilar could not identify appellant as the man who confronted him, appellant

admitted in his written statement that he captured one of the Mexican men. The jury could conclude that Aguilar was the man who appellant confronted. We find that this evidence is sufficient to establish the elements of aggravated assault. *See Preston v. State*, 675 S.W.2d 598, 600–601 (Tex.App.—Dallas 1984, pet. ref'd), *cert. denied*, 474 U.S. 982, 106 S.Ct. 389, 88 L.Ed.2d 341 (1985).

In his eleventh point, appellant alleges the evidence is insufficient to prove the other three men were threatened. He relies on *Ginn v. State*, 128 Tex.Cr.R. 109, 79 S.W.2d 327 (1935), a case decided under the 1925 Penal Code, for his theory, which he attempted to prove at trial, that the three men were out of range of appellant's shotgun at all times. Since he could not have harmed them, appellant concludes, no assault could occur.

■ *Ginn* is distinguishable. The *Ginn* Court applied article 1138 of the 1925 Penal Code, which specifically required the ability to commit a battery for the offense of assault. Tex.Penal Code Ann.App. (former Penal Code) art. 1138 (Vernon 1974). No such requirement exists in the current Penal Code, Tex.Penal Code Ann. § 22.02 (Vernon Supp.1987). The State no longer must prove the ability to commit a battery for an accused to be convicted of assault. Moreover, the State proved that one of the men was hit by shotgun pellets, thereby dispelling appellant's theory that the men were out of range.

Appellant's twelfth point of error on original submission involves his written statement. Although appellant did not testify, his written statement was introduced into evidence. In it, appellant recites that he fired his shotgun "at the top of the trees and yelled for the guys to stop in Spanish ..." and that he was concerned that the men may have been stealing melons. Appellant contends he is entitled to an acquittal since the State did not disprove this "exculpatory" statement, citing *Palafox v. State*, 608 S.W.2d 177 (Tex.Crim.App.1979).

■ The *Palafox* rule requires the State to disprove any exculpatory matters in an

accused's statement which the State introduces into evidence.[1] "Exculpatory" is defined as "clearing or tending to clear from alleged fault or guilt." *Brown v. State*, 475 S.W.2d 938, 955 (Tex.Crim.App.1971). Appellant argues that his above statement was exculpatory since it shows he never shot at the men, only at the tree tops.

For the rule in *Palafox* to be invoked, the accused must admit to committing the acts which constitute the gravamen of the offense, and the statement must amount to an assertion which exculpates the accused from the charged offense. *Rogers v. State*, 687 S.W.2d 337, 345 (Tex.Crim.App. 1985); *Palafox*, 608 S.W.2d at 181.

Appellant's statements that he fired at the tree tops are not exculpatory. Rather, they amount to an admission of the offense charged. The State was required to prove that appellant committed aggravated assault by using a deadly weapon to threaten the Mexican Nationals with imminent bodily injury. The State was not required to show that appellant actually fired *at* the men, as appellant apparently contends, only that he threatened them with the shotgun. Appellant's statement that he fired his shotgun to get the men to stop amounted to a threat to inflict imminent bodily injury by using deadly force.

Nor is appellant's statement that he feared the men may have been stealing melons exculpatory. Appellant was not permitted under the law to use deadly force to protect his personal property. Deadly force is justified to prevent the theft of property during the nighttime under Tex.Penal Code Ann. § 9.42(2)(A) (Vernon 1974). In his statement, appellant said the events in question occurred between 4:00 and 4:30 p.m., which is not nighttime, nor is there any indication in the record otherwise.

We find sufficient evidence to convict appellant of aggravated assault and we overrule his tenth, eleventh, and twelfth points of error. On original submission we determined that appellant had been denied a fair trial. We reversed and remanded the

causes for new trial. We now determine that the evidence was sufficient to sustain the convictions. Therefore, appellant is not entitled to acquittals, and our judgment remains the same as on original submission. Appellant's motion for rehearing is overruled. In addition, the State's motion for rehearing has been considered, and it is also overruled. The causes are REVERSED AND REMANDED for new trial.

---

1. The *Palafox* rule may now be obsolete under the new Texas Rules of Criminal Evidence. *See* *Stills v. State*, 728 S.W.2d 422, 425 n. 2 (Tex.App. —Eastland 1987, no pet.).