Roger Ray **ROBINSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 6-87-076-CR.

Court of Appeals of Texas, Texarkana.

Aug. 2, 1988.

Kenneth W. Smith, Houston, for appellant.

John B. Holmes, Dist. Atty., Houston, for appellee.

CORNELIUS, Chief Justice.

Roger Ray Robinson was convicted of burglary of a building. Punishment, enhanced by previous convictions, was assessed at twenty-eight years' confinement.

Robinson's only contention on appeal is that he should have a new trial because the State used its peremptory challenges to exclude black persons from the jury. We agree with his contention and will remand the case for a new trial in accordance with *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

Immediately after the jury was selected and sworn, Robinson moved to strike the jury because the State had used its peremptory challenges to systematically exclude blacks. The State's counsel denied that he had systematically excluded all blacks, observing that he could have done so had he chosen to. He stated, however, that in exercising his challenges he was "considering race among other things and socio-economic background." The trial court overruled Robinson's motion without conducting a hearing. Robinson again raised the issue in his motion for new trial. The trial court held an out-of-time hearing on the

motion at which evidence was taken, and again overruled Robinson's contention.

Contrary to counsel's statements, the evidence showed that the State used all of its ten peremptory challenges to strike blacks from the panel. Since twelve blacks were on the panel, two were left after the State used all its challenges, and one was actually selected on the jury. State's counsel advanced racially neutral reasons for striking one of the blacks, but stated that he could not remember, at that late date, his reason for striking the others.

A criminal defendant may establish a prima facie case of purposeful discrimination by showing that he is a member of a cognizable racial group, that the prosecution used its peremptory challenges to remove members of his race from the venire, and that those facts and other relevant circumstances raise an inference that the challenges were used to exclude the veniremen because of their race. *Batson v. Kentucky,* supra; *Keeton v. State,* 724 S.W.2d 58 (Tex.Crim.App.1987). When such a prima facie showing is made, the burden shifts to the State to demonstrate that it used its peremptory challenges for racially neutral reasons.

With one exception, the State here gave no racially neutral reason for striking the blacks from the panel, and candidly admitted that race was a consideration. *See Speaker v. State,* 740 S.W.2d 486 (Tex. App.–Houston [1st Dist.] 1987, no pet.). Indeed, the State on appeal does not argue that Robinson failed to show a purposeful exclusion of the blacks, but only that he did not make his objection at the proper time.

■ When this case was tried, no case had held that the objection must be made at any specific time. The opinion in *Batson* was delivered five days before this trial began, but it merely envisioned that the objection would be made at trial. *See United States v. Erwin,* 793 F.2d 656 (5th Cir.1986). In *Henry v. State,* 729 S.W.2d 732 (Tex.Crim.App.1987), our Court of Criminal Appeals announced that:

> In cases tried after the *Batson* opinion was issued, the procedures outlined in that case must be followed. We *pro-spectively declare* that a defendant may make a timely objection within the *Batson* lines if such objection is made after the composition of the jury is made known but before the jury is sworn and the venire panel is discharged. It is at this time that the trial court has a number of options to correct any error discovered in a *Batson* hearing.... (Emphasis added.)

This case was tried after *Batson* but before *Henry v. State,* supra, and other cases holding that the objection must be made before the jury is sworn and the venire dismissed. Since *Batson* was the only case which had been decided on the point when the instant case was tried, and it only envisioned that the issue be raised at trial, we hold that on the facts of this case Robinson's objection was timely and sufficient to invoke the *Batson* protections. *DeBlanc v. State,* 732 S.W.2d 640 (Tex. Crim.App.1987); *Henry v. State,* supra; *see also, Miller v. State,* 733 S.W.2d 287 (Tex.App.–Corpus Christi), *on remand,* 741 S.W.2d 501 (Tex.App.–Corpus Christi 1987, no pet.).

As Robinson made a prima facie showing of discrimination and the State failed to rebut it by producing racially neutral reasons for its actions, the judgment is reversed and the cause is remanded for a new trial.