**AFFIRMED; Opinion Filed June 10, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00562-CR
### No. 05-13-00687-CR

**JAMES ERIC HOOTEN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 366-80075-2012, 366-80086-08**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Brown
Opinion by Justice Myers

James Eric Hooten appeals his conviction for indecent exposure and the addition of

certain conditions to his community supervision for driving while intoxicated. In the indecent-

exposure case, appellant was charged in two indictments with indecency with a child by

exposure. The jury acquitted appellant on one charge and found him guilty of the lesser included

offense of indecent exposure on the other charge. The trial court sentenced appellant to 180 days

in jail, suspended the imposition of the sentence, and placed appellant on community supervision

for two years. In the driving-while-intoxicated case, appellant pleaded guilty to driving while

intoxicated, and the court sentenced appellant to five years' imprisonment, suspended imposition

of the sentence, and placed appellant on community supervision for seven years. Following

appellant's conviction for indecent exposure, the court continued appellant on community

supervision in the driving-while-intoxicated case, but the court added terms and conditions applicable to sex offenders. Appellant brings five issues on appeal contending (1) his trial and conviction for indecency with a child violated his constitutional rights against double jeopardy; (2) the trial court erred by not ordering the State to elect its offense; (3) the trial court erred by submitting the charges in both indictments to the jury; (4) the evidence is insufficient to support appellant's conviction for indecent exposure; and (5) the trial court erred by overruling appellant's *Batson*[1] objection. We affirm the trial court's judgments.

## BACKGROUND

On August 20, 2011, two twelve-year-old girls, K. and J., the complainants in the two indictments, were at the swimming pool in the apartment complex where K. lived. Appellant lived in the same apartment complex. As the girls were playing at the pool, appellant came to the pool area and sat down. Appellant was wearing a pair of shorts. As the girls played around the pool, they took pictures of one another on a cell phone. The girls then sat down on the opposite side of the pool from appellant. K. noticed she could see appellant's penis through the opening in the leg of his shorts. K. testified appellant's penis was about four to five inches out of his pants. K. pointed it out to J., and J. testified that appellant's penis was "out of his shorts" and that he had an erection. They immediately left the pool area. When they got back to K.'s apartment, they looked at the pictures they had taken on the cellphone, and they found one with appellant in the background. When they enlarged appellant's image in the picture, appellant's penis was visible. K's mother contacted the police, and appellant was charged with indecency with a child by exposure.

---

[1] *See Batson v. Kentucky*, 476 U.S. 79 (1986).

On August 17, 2011, three days before the incident at the pool, appellant was at a coffee shop. Two ladies saw appellant seated with his legs crossed, and they could see his penis through the leg of his shorts. They called the police. One of the ladies testified that her "first instinct" was that appellant was doing it on purpose for a sexual reason. She did not make a written statement for the police or press charges because she did not know how serious it was or whether she had misinterpreted what she saw. The second woman testified appellant had an erection. The women told the police they believed appellant's exposure was intentional but that "they were not 100 percent sure." An officer spoke to appellant and informed him of what he was accused, and he denied it.

Appellant's girlfriend testified that in June 2011, appellant contracted a rash on his groin and that he still had it in August. In early August, she purchased some medicine for him and "suggested not wearing underwear for a while, to give the area some air and dry out because it would—without the moisture, that maybe it would help."

## SUFFICIENCY OF THE EVIDENCE

In his fourth issue, appellant contends the evidence is insufficient to support his conviction. In reviewing a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011). We are required to defer to the fact finder's credibility and weight determinations because the fact finder is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See Jackson*, 443 U.S. at 326; *Garcia v. State*, 367 S.W.3d 683, 687 (Tex. Crim. App. 2012).

The elements of indecent exposure are that a person "exposes his anus or any part of his genitals with intent to arouse or gratify the sexual desire of any person, and he is reckless about whether another is present who will be offended or alarmed by his act." TEX. PENAL CODE ANN. § 21.08(a) (West 2008). Indecent exposure "merely requires appellant actually expose himself while intending to arouse or gratify his or another's sexual desire and be reckless about whether another is present." *Asemota v. State*, 996 S.W.2d 322, 323 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (footnote omitted). In this case, K. and J. testified appellant exposed part of his genitals, his penis, to K. and J., and the photograph they took at the pool area showed appellant was exposing his penis. J. testified appellant had an erection, which indicates he was intending to arouse or gratify his sexual desire at the time he was exposing himself. Appellant knew K. and J. were present, and he knew from his experience at the coffee shop that he could expose his penis when wearing shorts. We conclude a reasonable juror could find all the elements of indecent exposure beyond a reasonable doubt.

Appellant argues the evidence is insufficient to support his conviction because the jury, by acquitting him of the charge with J. as the complainant and convicting him of the lesser included offense with K. as the complainant, issued inconsistent verdicts. However, inconsistency of verdicts does not make the evidence insufficient. *See Jackson v. State*, 3 S.W.3d 58, 61–62 (Tex. App.—Dallas 1999, no pet.) ("Inconsistent verdicts, however, do not require reversal for legal insufficiency.").

Appellant cites one case in support of his argument, *Herwig v. State*, 138 S.W.2d 549 (Tex. Crim. App. 1940). In that case, the defendant was charged with driving while intoxicated in an indictment with two counts. *Id.* at 550. The first count alleged the defendant drove "while intoxicated"; the second count alleged the defendant drove "while in a degree under the influence of intoxicating liquors." *Id.* (emphasis omitted). The jury acquitted the defendant under the first

count of driving "while intoxicated" but found her guilty under the second count of driving "while in a degree under the influence of intoxicating liquors." *Id.* The court of criminal appeals concluded the language in the second count failed to charge an offense. Because the defendant had been acquitted of the one count that alleged an offense, the court of criminal appeals reversed the trial court's judgment and ordered the prosecution dismissed. *Id.* In this case, appellant does not contend the indictments failed to charge an offense. Therefore, the court's reasoning in *Herwig* does not apply to this case.

We conclude the evidence is sufficient to support appellant's conviction. We overrule appellant's fourth issue.

## DOUBLE JEOPARDY

In his first issue, appellant contends the trial court erred by convicting him of indecent exposure because his right against double jeopardy was violated. The Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The Double Jeopardy Clause protects a defendant in three situations: (1) a second prosecution for the same offense after an acquittal; (2) a second prosecution for the same offense after a conviction; and (3) multiple punishments for the same offense. *Illinois v. Vitale*, 447 U.S. 410, 415 (1980); *Garfias v. State*, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014). In cases of indecent exposure and indecency with a child by exposure, the unit of prosecution is the act of exposure. *Harris v. State*, 359 S.W.3d 625, 632 (Tex. Crim. App. 2011).

In this case, the two indictments involved the same act of exposure and therefore involved the same offense. In the same trial, appellant was acquitted under one indictment and convicted under the other. Appellant was not prosecuted for the same offense after being acquitted or convicted; he was convicted and acquitted in the same prosecution. Appellant

–5–

received only one punishment for the offense. Had appellant been convicted under both indictments, the remedy on appeal would have been to vacate one of the convictions. *See Bigon v. State*, 252 S.W.3d 360, 372 (Tex. Crim. App. 2008) ("When a defendant is subjected to multiple punishments for the same conduct, the remedy is to affirm the conviction for the most serious offense and vacate the other convictions.").

We conclude there was no violation of the Double Jeopardy Clause. We overrule appellant's first issue.

## ELECTION

In his second issue, appellant contends the trial court erred when it did not order the State to elect its offense. Appellant argues the trial court should have required the State to elect which indictment and which act of exposure to proceed under.

At trial, appellant moved for the trial court to order the State to elect which indictment it would proceed under. On appeal, appellant cites no authority for the proposition that when the State seeks to prosecute a defendant under two indictments for the same offense in the same trial, the State must elect the indictment under which it will proceed. Appellant argues he is entitled to notice of which indictment the State will proceed under at trial; however, appellant does not explain why he is deprived of notice or suffers any lack of due process when the indictments are for the same offense. When two distinct offenses are improperly joined in a single count, the State may be required to elect the offense under which it will proceed. *See Sifford v. State*, 741 S.W.2d 440, 441 (Tex. Crim. App. 1987). However, that is not the situation in this case. Instead, this case involves the opposite situation—two indictments alleging the same offense. Appellant has not shown the trial court erred by refusing to require the State to elect the indictment under which it would proceed.

Appellant also argues the State presented evidence of two acts of exposure and the trial court erred by failing to require the State to elect which act of exposure it would rely upon for conviction. Appellant asserts the two acts were the exposure when the girls saw appellant's penis and the exposure in the cell phone picture that they viewed later. However, appellant did not request that the court require the State to elect between the exposure viewed by the girls and the exposure in the photograph. Accordingly, appellant waived any right to have the State make this election. *See Phillips v. State*, 193 S.W.3d 904, 909 (Tex. Crim. App. 2006) (defendant must timely request that State be required to elect offense). However, even if appellant had timely requested the election, the record does not show the exposure actually seen by the girls at the pool and the exposure they saw in the picture were separate acts of exposure. The record does not show appellant exposed himself when the picture was taken, covered himself afterwards, and then committed a separate act of exposure when the girls saw his penis.

Appellant argues there are four reasons for requiring the State to elect the offense under which it will proceed:

> to protect the accused from the introduction of extraneous offenses;
>
> to minimize the risk that the jury might choose to convict, not because one or more crimes were proved beyond a reasonable doubt, but because all of them together convinced the jury the defendant was guilty;
>
> to ensure unanimous verdicts; that is, all of the jurors agreeing that one specific incident, which constituted the offense charged in the indictment, occurred;
>
> and to give the defendant notice of the particular offense the State intends to rely upon for prosecution and afford the defendant an opportunity to defend.

*Phillips*, 193 S.W.3d at 910 (footnotes omitted). In this case, none of these reasons apply because the record does not show there was more than one act of exposure to the two girls and there was only one offense alleged in the two indictments. Thus, there was no extraneous act of exposure to the two girls, and appellant had notice of the only act of exposure to the two girls.

–7–

We conclude that the trial court did not err by failing to require the State to elect. We overrule appellant's second issue.

## JURY CHARGE

In his third issue, appellant contends the trial court erred by submitting to the jury the charges in both indictments.[2] Appellant argues the jury charges created the possibility of a non-unanimous verdict because, he asserts, there were two incidents of exposure and the jury charges did not identify the incident on which the conviction must be based. As in the second issue, appellant argues the two incidents of exposure were the exposure actually seen be the girls at the pool and the exposure visible in the photograph. However, as discussed above, the record does not show there were two incidents of exposure. We conclude appellant has not shown the trial court erred. We overrule appellant's third issue.

## JURY SELECTION

In his fourth issue, appellant contends the trial court erred by denying appellant's objection to the prosecutor's peremptory strike of a veniremember. Appellant asserts the peremptory strike was racially motivated.

The United States Constitution prohibits a party from exercising peremptory strikes in a racially discriminatory manner.[3] *Batson v. Kentucky*, 476 U.S. 79, 89 (1986). To prevail on a claim of discriminatory jury selection, the defendant must demonstrate, by a preponderance of the evidence, that the prosecutor indulged in purposeful discrimination against a member of a

---

[2] The trial court submitted a separate charge for each indictment. Each charge named a separate complainant.

[3] Gender-biased peremptory strikes are also constitutionally impermissible. *J.E.B. v. Alabama*, 511 U.S. 127, 129 (1994).

constitutionally protected class in exercising peremptory strikes.  *Watkins v. State*, 245 S.W.3d 444, 447 (Tex. Crim. App. 2008).

To invoke the protection of *Batson* and its progeny, a defendant must raise an inference of purposeful discrimination, and the trial court must determine that a prima facie case of discrimination exists by virtue of the prosecutor's use of peremptory strikes.  *Keeton v. State*, 724 S.W.2d 58, 65 (Tex. Crim. App. 1987).  A defendant establishes a prima facie case of discrimination by showing facts and any relevant circumstances that raise an inference that the striking party used peremptory strikes to exclude veniremembers on account of their race.  *Batson*, 476 U.S. at 96; *Watkins*, 245 S.W.3d at 447.  When a party establishes a prima facie case, the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation.  *Purkett v. Elem*, 514 U.S. 765, 767 (1995) (per curiam); *Batson*, 476 U.S. at 97; *Watkins*, 245 S.W.3d at 447.  The trial court must then determine whether the complaining party "has satisfied his burden of persuasion to establish by a preponderance of the evidence that the strike was indeed the product of the proponent's purposeful discrimination."  *Watkins*, 245 S.W.3d at 447.  Whether the complaining party satisfies this burden of persuasion is a question of fact for the trial court to resolve.  *Id.*

On appeal, the trial court's decision on the issue of purposeful discrimination is given great deference because a determination of this issue requires an assessment of the credibility and content of the striking party's explanation and all other relevant facts and circumstances.  *Batson*, 476 U.S. at 98 n.21; *Keeton*, 724 S.W.2d at 65.  The reviewing court will not disturb the trial court's decision unless it is clearly erroneous.  *Hernandez v. New York*, 500 U.S. 352, 369 (1991); *Watkins*, 245 S.W.3d at 447–48.

During voir dire, the prosecutor asked the venire, "Do you know anyone in law enforcement or in the legal profession?"  Veniremember number 20 answered, "I have friends

who are in the legal profession. . . . Attorneys, judges, yeah, a Judge in Dallas County." The prosecutor used a peremptory strike against her. When appellant complained about that strike, the trial court asked the prosecutor to explain the strike. The prosecutor stated, "[T]he basis for striking 20 was her comment about knowing judges in Dallas County. Quite candidly, I don't have a very high opinion of many of the judges in Dallas County." Appellant then argued,

> I guess the issue would be is—is the fact that she knows Dallas County judges sufficient to overcome a—or is it—does it provide a race-neutral reason for the strike? I think it would have required some further analysis into which judges that she knew as to whether or not—I mean, I could say I don't like any judge, I guess, in any county. If you know any judge in any county, then you're not an acceptable juror. I don't think that rises to the level of a race-neutral reason.

The trial court then stated,

> Well, I think that her comments about the judiciary, whether it's Dallas County, could carry over to every County. And so for a Prosecutor to have to rely upon some sort of feeling that he gets from a witness—a juror about their problems with the judiciary, I think that provides a race-neutral explanation for the strike and a valid basis for the strike. So the Batson challenge is overruled.

On appeal, after setting out the facts and the law, appellant's entire argument is the following: "The record reflects that the State struck an African American veniremember because she knew a Dallas judge. It amounted to purposeful discrimination. Because the State did not meet its burden of articulating a race-neutral reason, this Court should reverse and remand for a new trial or acquit appellant."

The prosecutor's stated reason for striking the veniremember—her knowing a Dallas County judge—was not a racially discriminatory reason. The trial court decided appellant had not "satisfied his burden of persuasion to establish by a preponderance of the evidence that the strike was indeed the product of the proponent's purposeful discrimination." *Watkins*, 245 S.W.3d at 447. Appellant does not explain, and cites no authority explaining, why the trial court's decision was clearly erroneous. *See id.* at 447–48.

–10–

We conclude appellant has not shown the trial court erred by denying appellant's *Batson* objection. We overrule appellant's fifth issue.

## COMMUNITY SUPERVISION CONDITIONS

In the driving-while-intoxicated case, appellant asserts the conviction for indecent exposure was the State's sole ground for moving to revoke his community supervision. Appellant argues that if we reverse his conviction for indecent exposure, then we should reverse the trial court's imposition of sex-offender conditions to the order for community supervision. Having overruled all of appellant's issues challenging his conviction for indecent exposure, we will not reverse the trial court's order adding conditions to his community supervision for driving while intoxicated.

## CONCLUSION

We affirm the trial court's judgments.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130562F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES ERIC HOOTEN, Appellant

No. 05-13-00562-CR

THE STATE OF TEXAS, Appellee

V.

On Appeal from the 366th Judicial District Court, Collin County, Texas

Trial Court Cause No. 366-80075-2012.

Opinion delivered by Justice Myers.

Justices Lang and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 10th day of June, 2014.

/Lana Myers/
LANA MYERS
JUSTICE

–12–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES ERIC HOOTEN, Appellant

No. 05-13-00687-CR

THE STATE OF TEXAS, Appellee

V.

On Appeal from the 366th Judicial District Court, Collin County, Texas

Trial Court Cause No. 366-80086-08.

Opinion delivered by Justice Myers.

Justices Lang and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 10th day of June, 2014.


/Lana Myers/

LANA MYERS
JUSTICE