**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00184-CR**
_____

**ERIC JOSHUA GUSTAFSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause No. 20-03-03170-CR**

**MEMORANDUM OPINION**

Appellant Eric Joshua Gustafson appeals from a jury trial that resulted in his conviction of a third-degree felony for assaulting E.G., a member of his family. *See* Tex. Penal Code Ann. § 22.01(b)(2)(A). In two issues, Gustafson complains the trial court erred by denying his motion to suppress and refusing to include his requested instruction on a lesser-included offense in the jury charge. We affirm the trial court's judgment.

1

## PERTINENT BACKGROUND

A grand jury indicted Gustafson for "intentionally, knowingly or recklessly cause bodily injury to [E.G.], a member of the defendant's family . . . by striking [E.G.] on the face with the Defendant's hand."[1] The indictment includes two enhancement paragraphs, which allege that before Gustafson committed the primary offense in August 2019, he had already been convicted of two prior felonies, both of which were final before he committed the offense in August 2019.[2]

Gustafson filed a Motion to Suppress, asking the trial court to prevent the State from using evidence he claimed the police seized in a warrantless search. According to Gustafson, he was arrested without probable cause, in violation of his constitutional rights, and he asked the trial court to suppress what he claimed were the fruits police obtained resulting from their illegal search and his illegal arrest. During the trial, defense counsel argued the police illegally pulled Gustafson out of his house and roughed him up with no corroborating information other than what they were provided when they were dispatched to his home. The State argued that Gustafson was detained over concerns for officer safety due a situation on the scene

---

[1] To protect the privacy of the victim we identify him by his initials. *See* Tex. Const. art. I, § 30.

[2] Gustafson does not challenge that he had a previous conviction for assault family violence.

involving domestic violence and because Gustafson, after police arrived, did not comply with the officer's commands and instead attempted to retreat into his home. During the hearing, the trial court indicated the police do not need an arrest warrant in a situation involving domestic violence. The trial court did not rule on Gustafson's motion, instead carrying the motion forward to the trial without a ruling. At trial, the court admitted a dashcam video recording of Gustafson's arrest taken from Deputy Eisenmenger's body microphone and dash camera.

Deputy Eisenmenger of the Montgomery County Sheriff's Office testified that he responded to a 911 call reporting an assault and when he arrived on the scene he encountered Gustafson, whom the deputy described as agitated and erratic. Eisenmenger explained he recorded the encounter with his in-car camera and body microphone and took photographs of the scene. Eisenmenger explained that during assault calls, there is a concern that the suspect could retreat into the residence and grab a weapon. Eisenmenger testified Gustafson reported that his father, E.G., whom he learned lived with Gustafson, got hit, and Gustafson told the deputy he "F-ed up."

Eisenmenger explained that he detained Gustafson by placing him in handcuffs for his safety and to further investigate what had occurred. Gustafson became more agitated, failed to comply with the deputy's request to get off the staircase, and Gustafson began retreating toward the residence, which is where the deputy thought E.G. might be. Eisenmenger testified that Gustafson resisted being

3

placed in handcuffs. After they struggled, the deputy detained Gustafson, searched the residence for the presence of a victim and to clear the residence for safety. According to Eisenmenger, he entered the residence under exigent circumstances.

The trial court then declared a recess and held a hearing outside the jury's presence. During the hearing, defense counsel argued that portions of the video should be suppressed because Eisenmenger took Gustafson into custody without a warrant and without any corroborating witness statements or physical evidence. The trial court denied Gustafson's motion to suppress, explaining that Gustafson's statement, "'I fucked up,'" was an admission of guilt, which gave the deputy reasonable suspicion and allowed the deputy to detain Gustafson and search the residence for a victim under the circumstances the deputy described. Back before the jury, Eisenmenger continued his testimony and explained that he located E.G. at the residence where the 911 call was made and took photographs of E.G.'s bodily injuries, and E.G. made a statement. Based on his investigation, Eisenmenger arrested Gustafson for assaulting E.G.

E.G. testified that Gustafson hit him multiple times on his face with his fist causing him pain and injuries. Gustafson testified that he had an argument with E.G., who grabbed a knife and scared him. Gustafson explained that he reacted and hit E.G. on the head a few times because he was afraid, and he believed his actions were necessary to protect and defend himself. Gustafson testified that E.G. did not

4

correctly remember the incident because he blacked out. Gustafson also testified that he did not report that E.G. threatened him with a knife, and he did not follow the police officer's commands and engaged in a physical struggle because he did not want to be arrested.

During the jury charge conference, the trial court denied defense counsel's request to include reckless conduct as a lesser-included offense. The trial court explained that assault family violence enhanced does not contain all the elements of the lesser offense of reckless conduct that involves a threat of serious bodily injury or placing another in imminent danger of serious bodily injury. In the guilt-innocence phase of the trial, the jury found Gustafson guilty of assaulting E.G., a member of his family and found he had previously been convicted of assaulting a person whose relationship is described by section 71.0021(b), section 71.003, or section 71.005 of the Family Code. *See* Tex. Penal Code Ann. § 22.01(b)(2).

## ANALYSIS

In issue one, Gustafson argues the trial court erred by denying his Motion to Suppress the search of his residence without a warrant based on his argument the search was unreasonable under the circumstances described in the record. For its part, the State argues Gustafson failed to preserve this issue for review, and it claims his argument on appeal does not comport with the argument he made at trial. The State points out that during trial, Gustafson sought to suppress Eisenmenger's dash

5

cam video of his arrest because he was arrested without a warrant, but on appeal he claims the trial court should have suppressed the results of a warrantless search of his residence.

We agree with the State that the record shows that the search was reasonable. The portions of the record that Gustafson points to in support of his argument shows that defense counsel only argued that portions of Eisenmenger's dash cam video should be suppressed, because Eisenmenger took Gustafson into custody without a warrant and without any corroborating witness statements or physical evidence. The trial court denied Gustafson's motion to suppress portions of the dash cam video and explained that Gustafson's statement to police gave the officer reasonable suspicion to detain Gustafson and search the residence given the circumstances. The record further shows that defense counsel did not argue that Eisenmenger's photographs of Gustafson, E.G., or his residence should be suppressed because his residence was searched without a warrant. Nor does Gustafson's brief point us to where the reporter's record shows he argued that any specific evidence should be suppressed, because the police searched his home without a warrant.

Generally, we review a trial court's ruling on a motion to suppress using a bifurcated standard. *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011). We give almost total deference to the trial court's determination of historical facts and mixed questions of law and fact that rely on credibility determinations if they

are supported by the record, but we review de novo questions of law and mixed questions of law and fact that do not rely on credibility determinations. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). In ruling on a motion to suppress, the trial court is the exclusive trier of fact and judge of the credibility of the witnesses. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). A trial court may choose to believe or disbelieve any part of a witness's testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). We must uphold the trial court's ruling on a motion to suppress, if the "ruling was supported by the record and was correct under any theory of law applicable to the case." *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003).

To preserve error for review on appeal, the arguments about why evidence should have been suppressed at trial must comport with the arguments presented on appeal. *See Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1999) (op. on reh'g); *see also* Tex. R. App. P. 33.1(a). Gustafson's complaint during trial did not alert the trial judge to the alleged error of which he now complains on appeal. *See Goff v. State*, 931 S.W.2d 537, 551 (Tex. Crim. App. 1996).

To the extent that Gustafson's argument includes the trial court's denial of his motion to suppress the dash cam video, we hold that based on the record, Eisenmenger had probable cause to believe that Gustafson committed an assault

against a family member that resulted in bodily injury. A peace officer may arrest a person without a warrant when the peace officer has probable cause to believe the person he is arresting has committed an offense that involved family violence. Tex. Code Crim. Proc. Ann. art. 14.03(a)(4). Under article 14.03(a)(4), a warrantless arrest requires the assault to have resulted in bodily injury to the victim. *Randolph v. State*, 152 S.W.3d 764, 773 (Tex. App.—Dallas 2004, no pet.). The record shows that Eisenmenger had probable cause to arrest Gustafson without a warrant. Additionally, the record shows that exigent circumstances existed to justify Eisenmenger's warrantless entry and search of the residence to locate the victim. Exigent circumstances also justified the detainment of Gustafson to eliminate a potential risk of danger to the victim while the search of the home was being conducted for the victim. *See id.* Accordingly, Gustafson's argument that the trial court should have suppressed Eisenmenger's dash cam video because Eisenmenger took Gustafson into custody without a warrant lacks merit. We conclude the trial court did not err by denying Gustafson's motion to suppress. We overrule issue one.

In issue two, Gustafson complains the trial court erred by refusing his request to include the lesser included offense of reckless conduct in the jury charge. Gustafson's proposed jury instruction for the lesser included offense of deadly conduct references section 22.05(a) of the Texas Penal Code, which states that a

8

person commits an offense if he recklessly engages in conduct that places another in imminent danger of serious bodily injury. *See* Tex. Penal Code Ann. § 22.05(a).

We review a trial court's decision whether to incorporate a lesser-included offense in its charge under a two-step analysis. *See State v. Meru*, 414 S.W.3d 159, 162 (Tex. Crim. App. 2013); *see also Bullock v. State*, 509 S.W.3d 921, 924 (Tex. Crim. App. 2016) (citations omitted). In conducting our analysis, we ask whether the elements of the lesser offense are encompassed within the proof necessary to establish the elements of the charged offense. *See Meru*, 414 S.W.3d at 162-63. "An offense is a lesser included offense if . . . it is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]" Tex. Code Crim. Proc. Ann. art. 37.09(1). "Both statutory elements and any descriptive averments [i.e., manner and means] alleged in the indictment for the greater-inclusive offense should be compared to the statutory elements of the lesser offense." *Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009) (op. on reh'g). Expressed another way, when evaluating whether a defendant is entitled to a lesser-included offense in the jury charge, we compare the elements of the greater offense, as pleaded by the State in the indictment, with the statutory elements defining the lesser offense. *See Hall v. State*, 225 S.W.3d 524, 525 (Tex. Crim. App. 2007). The first step in our analysis does not depend on the evidence to be produced at trial. *See id.* at 535. Since the first step in the analysis is a question of law, we

9

conduct a de novo review. *See Palmer v. State*, 471 S.W.3d 569, 570 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (citing *Hall*, 225 S.W.3d at 535).

The second step requires that we determine whether evidence supports giving the instruction to the jury. *Hall*, 225 S.W.3d at 536. "The evidence must establish that the lesser-included offense is a valid, rational alternative to the charged offense." *Bullock*, 509 S.W.3d at 925 (citing *Rice v. State*, 333 S.W.3d 140, 145 (Tex. Crim. App. 2011)). In the second step of the analysis, we review the trial court's decision for an abuse of discretion. *Palmer*, 471 S.W.3d at 570 (citation omitted). We may not consider whether the evidence is credible, controverted, or in conflict with other evidence. *Moore v. State*, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998). "Any evidence that the defendant is guilty only of the lesser included offense is sufficient to entitle the defendant to a jury charge on the lesser included offense." *Id.* (citing *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994)).

The first step of the lesser-included offense analysis requires us to determine if misdemeanor deadly conduct is a lesser-included offense of a third-degree felony assault causes bodily injury-family violence with prior family violence conviction. We do not consider the evidence that was presented at trial; rather, we only consider the statutory elements of the offense as they were alleged in the indictment. *See Rice*, 333 S.W.3d at 145 (citing *Hall*, 225 S.W.3d at 524). Under Gustafson's indictment, to prove that Gustafson committed a third-degree felony assault causes bodily

10

injury-family violence with prior family violence conviction, the State had to prove that he (1) intentionally, knowingly or recklessly (2) caused bodily injury (3) to E.G., a member of defendant's family, a member of defendant's household, or a person with whom the defendant has or has had a dating relationship, as described by Section 71.003, 71.005, or 71.0021(b) of the Family Code (4) by striking E.G. in the face with his hand and (5) that he has a prior conviction for assaulting a person whose relationship is described by Section 71.003, 71.005, or 71.0021(b) of the Family Code. *See* Tex. Penal Code Ann. § 22.01(b)(2)(A). We compare the elements of the indicted offense with the elements of the lesser offense of misdemeanor deadly conduct that could be included in that offense: (1) the appellant (2) recklessly (3) engaged in conduct (4) that placed another in imminent danger of serious bodily injury. *See id.* § 22.05(a), (e).

During the charge conference, to support his argument that the trial court erred by refusing his request to include a lesser included offense in the jury charge, Gustafson cited two cases involving the offense of aggravated assault by use of a deadly weapon. *See Bell v. State*, 693 S.W.2d 434, 437–48 (Tex. 1985); *Preston v. State*, 675 S.W.2d 598, 599 (Tex. Crim. App. 1984). Deadly conduct, as a matter of law, is a lesser-included offense of aggravated assault when it is alleged that the defendant used a deadly weapon because the allegation of threatening another with imminent bodily injury by the use of a deadly weapon in an aggravated assault

11

charge is functionally equivalent to conduct that places another in imminent danger of serious bodily injury as required by deadly conduct. *Safian v. State*, 543 S.W.3d 216, 221–22 (Tex. Crim. App. 2018) (citing *Bell*, 693 S.W.2d at 437-38). The danger of serious bodily injury is necessarily established when a deadly weapon is used in the commission of the offense. *Bell*, 693 S.W.2d at 438-39.

However, this case does not involve the offense of aggravated assault with a deadly weapon or include the element of placing another in imminent danger of serious bodily injury as required to prove the lesser-included offense of deadly conduct. *See* Tex. Penal Code Ann. §§ 22.01(b)(2)(A), 22.05(a); *see also id.* §§ 1.07(17) (defining deadly weapon), 22.02 (Aggravated Assault). In comparing the elements of the indicted offense with the elements of the offense of misdemeanor deadly conduct, we hold that the offense of misdemeanor deadly conduct is not a lesser included offense to the third-degree felony described in section 22.01(b)(2) of the Penal Code. We reach that conclusion because the offense of misdemeanor deadly conduct includes an element not contained in the indicted offense–placing another in imminent danger of serious bodily injury, and thus, the elements of the lesser offense are not encompassed within the proof necessary to establish the elements of the charged offense. *See id.* §§ 22.01(b)(2)(A), 22.05(a); *Meru*, 414 S.W.3d at 162-63; *see also* Tex. Code Crim. Proc. Ann. art. 37.09(1). Accordingly, Gustafson's request to add an instruction of deadly conduct as a lesser-included

12

offense fails the first prong of analysis in *Hall*. *See Hall*, 225 S.W.3d at 535. It follows that the trial court did not err when it refused Gustafson's request to include deadly conduct as a lesser-included offense. *See id.* We overrule issue two. Having overruled both of Gustafson's issues, we affirm the trial court's judgment.

AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on August 9, 2022
Opinion Delivered August 24, 2022
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.

13